UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
FOURTH DIVISION

| | |
|---|---|
| JANE TURNER,<br><br>Plaintiff,<br><br>v.<br><br>JOHN ASHCROFT, ATTORNEY GENERAL,<br>U.S. DEPARTMENT OF JUSTICE<br><br>Defendants. | C.A. No. 01-CV-1407 (ADM/AJB) |

**STIPULATED PROTECTIVE ORDER**

IT IS HEREBY ORDERED, pursuant to Rule 26(c), Fed. R. Civ. P., that this Order shall govern the production and use of any documents and/or information that is deemed to be private or confidential pertaining to Plaintiff Jane Turner's medical or psychological condition (hereinafter, referred to as "Confidential Materials").

1. Plaintiff Jane Turner intends to release (and/or has released or executed releases which would permit the release of information) confidential materials to the attorneys of record of Defendants . Pursuant to the provisions of this Order, Plaintiff may release to Defendant's attorneys potentially relevant documents or information that pertain to Plaintiff's medical condition that is confidential and which, if released more generally, would intrude on the privacy interests of Plaintiff.

2. Confidential Materials shall be marked, by either the plaintiff or (if the materials are already in the control or possession of the defendants), by the defendants,

OCT 27 2003
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

"CONFIDENTIAL" or "PRODUCED SUBJECT TO PROTECTIVE ORDER" or "SUBJECT TO PROTECTIVE ORDER" or contain a similar marking. For any information, such as computer data, whose medium makes such stamping impracticable, the diskette case and/or accompanying cover letter shall be similarly marked as Confidential Materials. Answers to interrogatories, if any, that contain Confidential Materials also shall be marked "CONFIDENTIAL" or "PRODUCED SUBJECT TO PROTECTIVE ORDER" or "SUBJECT TO PROTECTIVE ORDER" or contain a similar marking. Information obtained directly from medical care providers shall also be considered confidential and shall be so marked by the party obtaining the materials.

4. Confidential Materials and any and all information contained in or derived from such materials shall be used only by those listed in paragraph 5 of this Order for the sole purpose of this litigation and shall not be disclosed, in any manner whatsoever, to anyone for any purpose, without modification of this Order or a signed agreement between the parties.

5. Confidential Materials, and any copies thereof, and the information contained therein, may be disclosed only to:

a. attorneys for the parties to this litigation and persons regularly in the employ of the parties' attorneys assisting in this litigation;

b. Defendants' designated representative;

c. the Court and its personnel, including court reporters, after notice to plaintiff and after providing plaintiff with an opportunity to have the court keep said documents under seal;

d. Third parties whose testimony is taken in ths action, but only to the extent necessary to elicit testimony concerning Confidential Materials; and

e. Consultants and expert witnesses retained by any party to this litigation, only if necessary for their expert opinion and/or testimony.

6. Any person listed in paragraph 5 (except the Court and Plaintiff's employees and Plaintiff's counsel) who has a need to review Confidential Materials consistent with the restrictions in Paragraph 5 must sign the Acknowledgment of Protective Order attached hereto before he or she is given access to Confidential Materials.

7. Should Defendant or Defendant's attorneys wish to disclose Confidential Materials to any person other than those indicated in Paragraph 5, or for any purpose other than those indicated in Paragraph 5, Defendant's counsel shall first seek to meet and confer with Plaintiff through Plaintiff's counsel. Should Plaintiff not consent to the disclosure of the information, Defendant or Defendant's counsel may, on motion, seek modification of this Protective Order from the Court.

8. Those portions of depositions where the contents of Confidential Materials are discussed shall be designated under seal and the parties shall treat those portions of deposition transcripts as if they were Confidential Materials subject to this Protective Order.

9. The manner of using any Confidential Materials at the trial of this action shall, after consultation between counsel, be determined either by stipulation of the parties or by the Court.

10. The designation, or failure to designate, any materials as Confidential Materials shall not constitute a waiver of any party's assertion that the materials are covered by this Protective Order.

11. All individuals to whom Confidential Materials are disclosed by Defendant or Defendant's attorney shall return any and all Confidential Materials and copies thereof in their possession to Plaintiff's counsel of record upon termination of this litigation, or when they are no longer a party to or assigned or retained to work on this case, whichever comes earlier. This paragraph shall not apply to medical records regularly maintained by the Defendants and/or to the "fitness for duty" records which were created by the Defendants pursuant to FBI policy. Any document created by Defendant or Defendant's counsel which contains or reflects Confidential Materials (other than documents presented in open court consistent with the provisions of this Order) must be destroyed when this litigation is terminated or placed under a confidential seal. Defendant's counsel shall certify to the destruction of all such documents within thirty (30) days of the termination of this litigation. Should any such request be filed, Plaintiff or Plaintiff's counsel shall be notified of said request and shall be provided a reasonable opportunity to object to the release of said information.

13. Nothing in this Protective Order affects the right of counsel to discuss with their client any relevant information contained in Confidential Materials.

14. This Protective Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible, and does not constitute any ruling on any potential objection to the production or admissibility of any material.

15. Nothing in this Protective Order shall prevent disclosure as required by law or compelled by order of any court, or restrict a party's use of materials produced by that party. Nothing in this Order shall be construed to confer rights on any third party.

16. Plaintiff shall be solely responsible for designating Confidential Material. Defendant retains the right to challenge Plaintiff's designation of Confidential Material as not properly designated as Protected Material in accordance with Fed. R. Civ. P. 26, or to request the Court to modify any of the restrictions contained in this Protective Order.

Dated: 10/27/03

HON. ARTHUR J. BOYLAN
United States Magistrate Judge

APPROVED ON BEHALF OF PLAINTIFF:

Stephen M. Kohn
Kohn, Kohn & Colapointo, LLP
3233 P Street, N.W.
Washington, D.C. 20007
Attorney for Jane Tuner

10-17-03
Dated

APPROVED ON BEHALF OF DEFENDANTS:

Martha A. Fagg
Assistant United States Attorney
Northern District of Iowa
320 6th Street, Room 203
Sioux City, IA 51101
Attorney for Defendants

10-20-03
Dated

# UNITED STATES DISTRICT COURT
## District of Minnesota

Richard D. Sletten, Clerk

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 Federal Building
515 West. First Street
Duluth, MN 55802
(218) 529-3500

# CLERK'S NOTICE IN RE: PROTECTIVE ORDER

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. **Failure to do so may result in documents NOT getting filed under seal.**

## Guidelines for Submission of Sealed Documents:

A. File ORIGINALS with the Clerk. Copies are for the Judge or Magistrate Judge.

B. Each ORIGINAL document is to be **sealed** (closed, fastened, taped, or otherwise secured) in a separate envelope of comparable size no larger than 9 x 12.
*LR 5.1: All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. This rule does not apply to: (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.*

C. EACH original document MUST be in a separate envelope, and the front of EACH envelope must include the following information:
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal). Note: Motions, affidavits and memoranda are each considered a separate document.
- The word "**SEALED**" or "**CONFIDENTIAL**"

D. Copies MUST be together as a separate set in an envelope **addressed to the Judge or Magistrate Judge**.