# AFFIDAVIT OF JOHN ROBERTS

Under the pains and penalties of perjury I hereby affirm the following is, to the best of my knowledge and belief, true and correct:

1. My name is John Roberts. In 1984 I was hired as a Special Agent for the Federal Bureau of Investigation. In 1990 I was promoted to the position of Supervisory Special Agent. In 1997 I was promoted into the position of Unit Chief with the FBI. In February, 2004 I vested in my full government retirement and I voluntarily retired from work at the FBI.

2. Before working for the FBI I was a member of the Maryland State Police. After twelve years of service I resigned as a Sergeant for the state police in order to work for the FBI. All my performance reviews with the state police were exceptional or outstanding (i.e. the highest numerical ratings). With the state police I investigated a number of "delegated matters" related to misconduct by state police officers.

3. All of my performance reviews with the FBI were either superior or exceptional. I received numerous awards and commendations for my work with the FBI, including a formal Letter of Commendation from the Director of FBI (investigation into high profile double homicide), the Law Enforcement Officer of the Year (1990/91)(presented by the U.S. Attorneys Office for the Southern District of Florida) and the Ethics Award by the Director of FBI (2000).

4. As part of my official job duties with the FBI I often worked directly with the U.S. Department of Justice Office of Professional Responsibility and Office of Inspector General on matters related to professional misconduct within the FBI.

5. I have extensive experience in internal affairs and internal police ethics issues. I was the lead case agent in major police misconduct cases.

6. In 1995 I was named one of two "inspectors-in-charge" for the FBI in the investigation of a high level cover-up/official misconduct investigation related to Ruby Ridge (detailed to U.S. Attorneys Office and DOJ OPR).

7. In 1997 I initiated and conducted the investigation of the "Potts Party" scandal: Voucher fraud against the government committed by senior executives of the FBI.

8. In 1999 I raised numerous concerns with DOJ components regarding the adequacy of the FBI internal discipline process. These concerns eventually resulted in the findings contained in the November 15, 2002 "Review of Allegations of a Double Standard of Discipline at the FBI."

9. Between 1997 and my retirement in 2004 I was a Unit Chief in the FBI's Office of Professional Responsibility ("OPR"). In this capacity I became very familiar with the FBI rules and procedures related to the reporting and investigation of FBI employee

JA 32

misconduct allegations and I directly supervised hundreds of investigations of FBI employee misconduct.

10. Employees of the FBI, including Supervisory Special Agents (SSAs) and Special Agents in Charge (SACs), Acting SACs and Assistant SACs, are under a mandatory duty to report "promptly" any "indication" of personal misconduct by any FBI employee. These reports must be made to OPR. This requirement is well known within FBI management and is set forth in various written rules, including MAOP section 1-22(2).

11. If a SAC or an Acting SAC obtained information from an FBI Special Agent that an FBI Supervisory Special Agent had engaged in improper management techniques by being involved in discriminatory practices and had increased the level of those discriminatory practices after an employee filed an EEO complaint (retaliation), that allegation would constitute an allegation of misconduct which, under the rules and regulations set forth above, must be "promptly reported" to FBI OPR.

12. The failure to promptly report such allegations itself would constitute misconduct on the part of the manager who failed to report.

John E. Roberts
John Roberts

05/20/2004
Date