UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
01-CV-1407 (JMR/FLN)

| | | |
|---|---|---|
| JANE A. T. TURNER<br><br>Plaintiff,<br><br>v<br><br>ALBERTO GONZALES ET. AL.,<br><br>Defendant. | ) | Civil Case No. 01-1407 |

**PLAINTIFF'S OBJECTIONS TO THE ADMISSIBILITY**
**OF DEFENDANTS' EXHIBITS 84, 90, 91, 93 AND 94**

Pursuant to this Court's Final Pretrial Order, Plaintiff Jane Turner, by and through counsel, hereby objects to the admission of the following exhibits by Defendant in the trial of the above-captioned case:

**Defendants Ex. # 84**: **Welken's drop file-handwritten notes-specific documents to be identified.**

**Plaintiff's Objection:** Defendant failed to identify with particularity which documents within Welken's Drop File it will introduce at trial. Pursuant to Federal Rule of Evidence 802, Plaintiff objects to the admissibility of documents contained in the drop file as hearsay. The so-called "drop file" documents can contain any information whatsoever a supervisor simply drops into a file. There is no requirement that the document be contemporaneously created. There is no restriction against a supervisor creating documents for use in anticipated litigation or appeals. Second, many of these documents contain information that is prejudicial, items which may confuse the issues before the jury, items which would unduly delay the trial of the case and/or irrelevant or immaterial to the current case and thus are not admissible under Federal Rules of Evidence 401, 402 and 403. Plaintiff also reserves the right to further object to the admissibility of the documents purportedly contained in the "drop file" when they are specifically identified.

**Defendants' Ex. # 90**: **11-05-99 Welken/Domin referral for FFD and transfer.**

**Plaintiff's Objection:** Pursuant to Federal Rules of Evidence 401 and 402, Plaintiff objects to this Defendants' Exhibit # 90 on the grounds of relevance, or, in the alternative, pursuant to Federal Rule of Evidence 403 as highly prejudicial. Although Ms. Turner's FBI managers made a psychological fitness for duty referral-request to FBI

headquarters regarding Ms. Turner, said request was not granted and thus the medical request is irrelevant pursuant to FRE 401. Because of the nature of the referral (i.e. a challenge to Ms. Turner's psychological fitness for duty), said referral is prejudicial pursuant to FRE 403. If the exhibit is not struck, Plaintiff requests a limiting instruction, specifically stating that Ms. Turner's managers were not medical professionals and any opinion they drew regarding Ms. Turner's psychological state not be permitted as evidence in this proceeding and that the jury may not make any negative inference whatsoever about Ms. Turner's psychological condition as a result of the document.

In addition, litigation of the fitness for duty issues that existed prior to May, 2000 would cause an undue delay of the proceeding, waste time, and could mislead or confuse the jury. Specifically, because the FBI did not approve a fitness for duty referral - and at all times relevant to this case the FBI considered Ms. Turner fit for duty - permitting any litigation of these matters would violate FRE 403.

**Defendants' Exhibit # 91**: **11-22-99 Health Care response to FFD request**

**Plaintiff's Objection:** Pursuant to Federal Rules of Evidence 401 and 402, Plaintiff objects to this Defendants' Exhibit # 91 on the grounds of relevance, or, in the alternative, pursuant to Federal Rule of Evidence 403 as highly prejudicial. Although Ms. Turner's FBI managers made a psychological fitness for duty referral-request to FBI headquarters regarding Ms. Turner, said request was not granted and thus the medical request is irrelevant pursuant to FRE 401. Because of the nature of the referral (i.e. a challenge to Ms. Turner's psychological fitness for duty), said referral is prejudicial pursuant to FRE 403. If the exhibit is not struck, Plaintiff requests a limiting instruction, specifically stating that Ms. Turner's managers were not medical professional and any opinion they drew regarding Ms. Turner's psychological state not be permitted as evidence in this proceeding and that the jury may not make any negative inference whatsoever about Ms. Turner's psychological condition as a result of the document.

The exhibit also references a security background investigation. This investigation was conducted, and Ms. Turner's security clearances were maintained. Thus, information contained in this document about such a review is irrelevant and prejudicial and, in accordance to FRE 401-403, should not be admitted into evidence

In addition, litigation of the fitness for duty issues that existed prior to May, 2000 would cause an undue delay of the proceeding, waste time, and could mislead or confuse the jury. Specifically, because the FBI did not approve a fitness for duty referral - and at all times relevant to this case the FBI considered Ms. Turner fit for duty - permitting any litigation of these matters would violate FRE 403.

This document also references the FBI's Employee Assistance Program ("EAP"). This program is a confidential program and participation is strictly confidential. Because of the general stress often associated with law enforcement work, the FBI encourages its employees to participate in the EAP, and guarantees that such participation will be kept confidential. In keeping with these programmatic goals, the FBI normally does not

permit any discovery related to this program. Plaintiff objects to references to this program contained in the exhibit pursuant to FRE 401, 402 and 403.

**Defendants' Exhibit # 93: 6-24-01 Letter from HCPU to Turner re: treatment**

**Plaintiff's Objection:** Pursuant to Federal Rules of Evidence 401 and 402, Plaintiff objects to this Defendants' Exhibit # 93 on the grounds of relevance, or, in the alternative, pursuant to Federal Rule of Evidence 403 as highly prejudicial. Although Ms. Turner's FBI managers made a psychological fitness for duty referral-request to FBI headquarters in 1999 regarding Ms. Turner, said request was not granted and thus the medical request is irrelevant pursuant to FRE 401 and 402.

However, approximately one year after Ms. Turner was transferred from North Dakota to Minneapolis, the FBI did approve such a referral and did make negative findings regarding Ms. Tuner. These findings are both irrelevant and highly prejudicial and must be excluded in accordance with FRE 401, 402 and 403. This letter was issued over one and one-half years after the transfer decision, and concerned events which occurred after the transfer had been effectuated (i.e. alleged performance matters which occurred in Minneapolis). The information contained in this letter is irrelevant, as noted by the 8th Circuit. *Turner v. Gonzales*, 421 F.3d 688, 698 (Minn. 2005).

Finally, litigation of the fitness for duty issues that existed after May, 2000 would cause an undue delay of the proceeding, waste time, and could mislead or confuse the jury. FRE 403. Although the FBI made negative findings regarding Ms. Turner's fitness for duty approximately one year after the transfer, Ms. Turner contested these findings. In late 2001 Ms. Turner's claim that she was fully fit for duty was approved by the FBI. Litigation of the 2001 fitness for duty issues would prolong the trial and significantly increase the number of witnesses for which Ms. Turner would need to call at the trial in order to fully rebut any negative inferences concerning whether she was fit for duty in 2001. These matters would confuse and mislead a jury.

**Defendants' Exhibit # 94**: **Turner emails – specific documents to be identified**

**Plaintiff's Objection:** The Defendants failed to identify with particularity which emails it will introduce at trial. Therefore, Plaintiff reserves the right to object to the admissibility of the emails when they are specifically identified.

Respectfully submitted,
_____/s/__Stephen M. Kohn__

Stephen M. Kohn
(Admitted Pro Hoc Vice)
Kohn, Kohn & Colapinto LLP
3233 P Street N.W.
Washington, DC 20007
(202) 342-6980

Dated: December 20, 2006