UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
01-CV-1407 (JMR/FLN)

| | | |
|---|---|---|
| JANE A. T. TURNER, | ) | |
| | ) | |
| Plaintiff, | ) | **PLAINTIFF'S OPPOSITION** |
| | ) | **TO DEFENDANT'S MOTION** |
| v. | ) | **TO STRIKE PLAINTIFF'S EXPERT** |
| | ) | **WITNESS DESIGNATIONS** |
| ALBERTO GANZALES, *et al*., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

On December 21, 2006 defendants filed a Motion to Strike Plaintiff's Expert Witness Designations and moved this Court for an order preventing plaintiff Jane Turner's two experts, John Roberts and Dr. Edwin Carter, from testifying at the trial. As set forth below, this motion is without merit and should be denied. A proposed order is attached.

**PROCEDURAL BACKGROUND**

The defendants' statement of the procedural history related to the disclosure of expert witnesses is inaccurate and misleading. Defendants' identify a scheduling order which set September 1, 2003 as the deadline for the plaintiff to disclose her expert witnesses. *See*, Scheduling Order of the Magistrate Judge dated April 4, 2004 [Docket Entry 33]. However, due to the anticipated summary judgment filings, the parties jointly agreed that the expert witness deadlines be modified. The parties participated in a status hearing before the Magistrate Judge on September 5, 2003, and reached an agreement on amending the April 4, 2003 Scheduling Order. Ex 1, Civil Docket for Case 01-cv-0147, Docket Entry 36. At the

Status Hearing, the parties agreed that all of the deadlines related to the disclosure of expert witnesses were to be vacated, pending the Court's ruling on the upcoming summary judgment motions. Defendants' counsel also agreed to provide the Court with the proposed order reflecting the agreed upon changes. [Docket Entry 36].

On October 17, 2003 plaintiff's counsel wrote a letter to defendants' counsel, stating that they had not obtained notice that the Court had entered a formal order reflecting the agreements reached during the September 5, 2003 status conference. Exhibit 2, p. 1, Kohn to Fagg (October 17, 2003). In this letter to defendants' counsel, plaintiff included a Joint Motion and a proposed Order reflecting the discovery agreements. In relevant part, the proposed Order stated:

> . . . the current deadlines for filing expert witness disclosures are vacated, and a new proposed order setting a deadline for such disclosures shall be submitted by the parties within ten days of the Court's ruling on any dispositive motions filed on or before November 3, 2003.

Ex. 2, p. 4.

Thereafter, it appears as if defendants' counsel inadvertently failed to file the agreed upon order, as the parties became engrossed in contentious summary judgment proceedings. These proceeding ultimately resulted in the decision of the U.S. Court of Appeals for the Eight Circuit vacating the prior dismissal of this proceeding.

As part of the summary judgment proceedings, Ms. Turner filed two expert witness reports. Specifically, the public record reflects that both the reports of Dr. Edwin Carter and

John Roberts were filed as exhibits to Plaintiff's Opposition to Defendants' Motion for Summary Judgment on May 21, 2004. Ex. 3, Index to Plaintiff's Exhibits, referencing pages 21 and 51. Both documents were also included as exhibits in the Joint Appendix filed in this case before the U.S. Court of Appeals. Ex. 4, index page numbers JA 323 and JA 409. Dr. Carter's report was even quoted from during oral argument before the 8th Circuit by counsel for Ms. Turner. Defendants never objected to the filing of these reports, and never alleged that the reports should be struck from the record because they were untimely filed.

The expert reports filed on-the-record in this matter over two-and-one-half years ago are the *exact same reports* filed by the Plaintiff in her December 20, 2006 Designation of Expert Witnesses.

On November 13, 2006 this Court held the Final Pretrial Conference. At that hearing the Court set a deadline for the filing of Rule 26 expert witnesses reports. The undersigned counsel for Ms. Turner attended that hearing and took notes of the various deadlines set by the Court. Counsel's contemporaneous handwritten notes of the hearing indicated that the expert disclosures were due on "12-20." Ex. 5. Counsel concedes that he may have misunderstood the deadline set by the Court at the Final Prehearing Conference, but counsel relied upon his recollection and notes in placing the expert disclosure deadline on the firm's internal calendar for December 20, 2006 immediately upon returning to Washington, D.C. from the hearing.

This Court issued its Final Pretrial Order on November 22, 2006. On page 3 of that Order, the Court set the deadline for the filing of expert witness disclosures for November 20,

2006. [Docket No. 82]. Unfortunately, counsel for plaintiff, although having carefully reviewed the Court's order, in good faith, did not notice the discrepancy in the deadline until on or about December 20, 2006, after which the matter was discussed between an attorney in plaintiff's firm and counsel for the defendants.

**ARGUMENT**

In accordance with Federal Rule of Civil Procedure 37(c), this Court may exclude expert testimony that, "without substantial justification," was not disclosed to an opposing party as required under FRCP 26(a), unless such failure was "harmless." A 'harmless violation of Rule 26 does not mandate exclusion of evidence." *Smith v. Tenet Healthsystem*, 436 F.3d 879, 889 (8th Cir. 2006). As explained in the Advisory Committee Notes to the 1993 Amendments to FRCP 37(c): "Limiting the automatic sanction to violations 'without substantial justification,' coupled with the exception for violations that are 'harmless,' is needed to avoid unduly harsh penalties in a variety of situations: *e.g.*, the inadvertent omission . . . of the name of a potential witness known to all parties."

In this proceeding, the alleged failure to disclose was harmless, and there exists substantial justification for the delay in disclosure.

The two expert reports were initially disclosed to the defendants in 2004. The defendants had over two-and-one-half years to review the information contained in the expert reports and prepare rebuttal testimony. In other words, as discussed in the Advisory Committee Notes, defendants not only knew the identity of the two expert witnesses, they also had in their possession their reports, which set forth the testimony they were expected to

provide.

The defendants were also on notice that Ms. Turner planned on introducing those reports at trial. On November 29, 2006 Ms. Turner's counsel provided the defendants with a list of exhibits Ms. Turner wanted the defendants to consider stipulating into evidence. One of those exhibits was Dr. Carter's report. Thereafter, both the Carter and Roberts reports were mailed to defendants' counsel when, as a matter of professional courtesy and in order to avoid confusion, plaintiff mailed defendant's counsel all of her proposed exhibits. Thereafter, these exhibits were also explicitly identified in the December 15, 2006 list of plaintiff's trial exhibits.

Based on these facts, the late-filing of plaintiff's formal expert disclosures constituted harmless error. The facts of this case are similar to those in *Smith v. Tenet Healthsystem*, 436 F.3d 879, 889 (8th Cir. 2006). In *Smith,* the challenged expert testimony was set forth in a prior deposition testimony, but was not included in a formal Rule 26 expert report. The Court held that the failure to include the testimony in the formal report was "harmless" because the opposing party obtained the information in the deposition. Similarly, in this case, the defendants obtained all of the expert disclosures as part of the summary judgment proceedings, and thus had in their possession the proposed testimony for over two years before the Court's deadline.

The late-filing of the report was also justified. The defendants inaccurately portrayed the status of mandatory expert disclosures during the initial proceedings in this matter. The parties, at a September 5, 2003 status hearing before the Magistrate Judge, mutually agreed to

postpone all of the mandatory expert disclosure deadlines until after the summary judgment was adjudicated. Thus, defendants are not correct when they alleged that plaintiff had failed to meet her 2003 disclosure deadlines. The parties consented to postpone all such deadlines.

Thereafter, on remand, this Court held its Final Pretrial Hearing and set a new deadline for filing expert disclosures. Because Ms. Turner had previously filed her reports with the defendants, Ms. Turner's late-filing is excusable. Ms. Turner's counsel made an honest mistake and, in good faith, believed that the deadline for these disclosures was December 20, 2006.

**CONCLUSION**

For the reasons set forth above, the motion of the defendants should be denied.

Respectfully submitted,

/s/ Stephen M. Kohn

____________________________

STEPHEN M. KOHN
Kohn, Kohn & Colapinto, LLP
Attorney at Law
3233 P Street, NW
Washington, D.C. 20007
202-342-6980

December 21, 2006