UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
01-CV-1407 (JMR/FLN)

| | | |
|---|---|---|
| JANE A. T. TURNER, | ) | |
| | ) | |
| Plaintiff, | ) | **PLAINTIFF'S PARTIAL** |
| | ) | **OBJECTION TO THE** |
| | ) | **JOINT AGREED** |
| | ) | **STATEMENT** |
| | ) | **OF DEPOSITION** |
| | ) | **TESTIMONY OF** |
| ALBERTO GONZALES, *et al*., | ) | **DR. JOHN G. GAROFALO** |
| Defendant. | ) | |
| | ) | |

Pursuant to this Court's Final Pretrial Order dated November 11, 2006, as modified on December 20, 2006, the Plaintiff, Jane Turner, by and through counsel, hereby files the following objection to the use of the deposition testimony of Dr. John G. Garofalo:

Plaintiff has no objection the first eight paragraphs of the testimony of Dr. John G. Garofalo, submitted to the Court on December 28, 2006. See, Joint Agreed Statement of Testimony, Dr. John G. Garofalo.

Plaintiff does object to all of the remaining testimony, i.e. paragraphs 9-16.

[1] The grounds for this objection is as follows:

> Pursuant to Federal Rules of Evidence 401 and 402, Plaintiff objects to this testimony on the grounds of relevance, or, in the alternative, pursuant to Federal Rule of Evidence 403 as highly prejudicial.

---

1 Paragraph 9 of the Joint Agreed Statement of Testimony for Dr. Garofalo begins with the sentence "Garofalo was asked to review deposition Exhibit 2." Plaintiff's objection includes this sentence and all of the remaining testimony set forth in the Joint Agreed Statement.

In 2001, approximately one year *after* Ms. Turner was transferred from North Dakota to Minneapolis, the FBI approved a psychological fitness for duty referral regarding Jane Turner, and the FBI did make negative findings regarding Ms. Turner. Any reference to these 2001 findings are both irrelevant and highly prejudicial and must be excluded in accordance with FRE 401, 402 and 403. The testimony contained in paragraphs 9-16 of the Joint Agreed Statement of Testimony concerned the opinion and findings of the witness on matters which occurred over one and one-half years after the transfer decision, and concerned events/evaluations which occurred after the transfer had been effectuated (i.e. alleged performance matters which occurred in Minneapolis). The information contained in this letter is irrelevant, as noted by the 8th Circuit. *Turner v. Gonzales*, 421 F.3d 688, 698 (Minn. 2005).

Additionally, litigation of the fitness for duty issues that existed after May, 2000 would cause an undue delay of the proceeding, waste time, and could mislead or confuse the jury. FRE 403. Although the FBI made negative findings regarding Ms. Turner's fitness for duty approximately one year after the transfer, Ms. Turner contested these findings. In late 2001 Ms. Turner's claim that she was fully fit for duty was approved by the FBI. Litigation of the 2001 fitness for duty issues would prolong the trial and significantly increase the number of witnesses for which Ms. Turner would need to call at the trial in order to fully rebut any negative inferences concerning whether she was fit for duty in 2001. Although Dr. Garofalo disagreed with the FBI's fitness for duty findings, the proffered testimony includes references to the FBI's findings, and contains a discussion of those findings. These matters would confuse and mislead a jury.

Respectfully submitted,

/s/ Stephen M. Kohn

Stephen M. Kohn,
KOHN, KOHN & COLAPINTO, LLP
3233 P Street, N.W.
Washington, D.C. 20007
(202) 342-6980
Attorney for Plaintiff

December 28, 2006