AO 187 (Rev. 7/87) Exhibit and Witness List

# UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

Jane A. T. Turner

Plaintiff

V.

Alberto Gonzales et. al.

Defendant

**WITNESS LIST**
**FOR PLAINTIFF**

Case Number: Civil No. 01-1407 (JMR/FLN)

| PRESIDING JUDGE | PLAINTIFF'S ATTORNEY | DEFENDANT'S ATTORNEY |
|---|---|---|
| Hon. James M. Rosenbaum | Stephen M. Kohn | Martha A. Fagg |
| TRIAL DATE (S) | COURT REPORTER | COURTROOM DEPUTY |
| | | |

| PLF. NO. | DEF. NO. | DATE OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS* AND WITNESSES |
|---|---|---|---|---|---|
| | | | | | *Dr. James Brandt, Ph.D* (may call)<br>Dr. Brandt will testify to rebut any medical testimony introduced by FBI witness or set forth in any admitted exhibit related to the FBI's position that Jane Turner may not have been fit for duty in 1999 and/or whether any of Jane Turner's 1998-99 alleged performance problems were psychologically induced. He will also be called to testify in order to rebut and/or clarify the deposition testimony of Dr. Garofalo which is being offered by the FBI. |
| | | | | | *Edwin Carter, Ph.D* (expects to present)<br>Dr. Carter will testify as to his medical findings as set forth in his expert witness report and the damages suffered by the plaintiff. Dr. Carter will also be called in order to rebut any medical testimony introduced by any FBI witness and/or set forth in any admitted exhibit related to the FBI's position that Jane Turner may not have been fit for duty in 1999 and/or whether any of Jane Turner's 1998-99 alleged performance problems were psychologically induced. He will also be called to testify in order to rebut and/or clarify the deposition testimony of Dr. Garofalo which is being offered by the FBI. |
| | | | | | *Kari Conrad* (may call)<br>The witness will testify concerning plaintiff's reputation, performance, abilities and experience in order to demonstrate that the allegations of performance and liaison problems set forth in the inspection report/poor performance reviews were pretextual. The witness will rebut the FBI's allegation that Jane Turner's performance declined in the 1998-99 time frame, and will provide rebuttal testimony concerning the fitness for duty allegations raised by plaintiff's supervisors. |
| | | | | | *Douglas Domin* (may call)<br>Retired FBI Manager<br>Mr. Domain is the manager who made the final decision to transfer Jane Turner for alleged performance problems. He will be called as an adverse witness and questioned about Jane Turner's performance and the legitimacy of various reasons provided for downgrading Ms. Turner's performance and transferring her out of North Dakota. He will also be questioned on his ratings of her performance for work she performed in the April, 1999-April, 2000 time frame. |
| | | | | | *Assistant U.S. Attorney Clare Hochhalter* (expects to present)<br>Assistant United States Attorney, North Dakota<br>The witness will testify concerning cases in which the witness and the Plaintiff worked together on in North Dakota, and the witness knowledge of plaintiff's reputation, performance, abilities and experience. The witness will provide rebuttal/case-in-chief testimony regarding cases and incidents relied upon by the FBI to justify plaintiff's transfer and her poor performance reviews and matters set forth in the FBI inspection report. The witness will provide direct and circumstantial testimony of discriminatory animus against the plaintiff and |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | the pretextual nature of the adverse actions. The witness will provide testimony concerning damage to the plaintiff's professional reputation and law enforcement career. The witness will provide testimony regarding the alleged decline in plaintiff's performance in the 1998-99 time frame, and will provide rebuttal testimony concerning the fitness for duty allegations raised by plaintiff's supervisors. |
| | | | | | *Wendy Loucks* (may call)<br>Retired FBI<br>Ms. Loucks would be called to testify concerning the contents of an affidavit she signed concerning her knowledge of Jane Turner and discriminatory actions. The FBI has a copy of this affidavit. The witness' testimony mainly concerns her observations that Ms. Turner's supervisor discriminated against Ms. Turner. |
| | | | | | *Assistant United States Attorney Jan Morley* (expects to present)<br>Assistant United States Attorney, North Dakota<br>The witness will testify concerning cases in which the witness and the Plaintiff worked together on in North Dakota, and the witness knowledge of plaintiff's reputation, performance, abilities and experience. The witness will provide rebuttal/case-in-chief testimony regarding cases and incidents relied upon by the FBI to justify plaintiff's transfer and her poor performance reviews and matters set forth in the FBI inspection report. The witness will provide direct and circumstantial testimony of discriminatory animus against the plaintiff. The witness will concerning damages to the plaintiff's professional reputation and law enforcement career. The witness will provide testimony regarding the alleged decline in plaintiff's performance in the 1998-99 time frame, and will provide rebuttal testimony concerning the fitness for duty allegations raised by plaintiff's supervisors. |
| | | | | | *Dr. Margaret Nordell* (expects to present)<br>The witness was Jane Turner's treating physician in North Dakota and also worked with Jane Turner on child abuse cases. The witness prescribed mediation to the Plaintiff, which was subsequently noted by Ms. Turner's supervisors as evidence that Ms. Turner may not be fit for duty. The witness will directly rebut the medical-related testimony of Jane Turner's FBI managers, and the fitness for duty recommendation contained in the inspection report. The witness will testify that the alleged medical problems identified by Jane Turner's managers had nothing to do with a fitness for duty issue, and will testify as to why Turner was placed on medication and why Ms. Turner otherwise sought treatment. She will testify as to Jane's good reputation, abilities in dealing with child patients and their parents, and her professionalism. She will testify as to why the transfer of Ms. Turner was pretextual. The witness will provide rebuttal testimony to the deposition testimony of Dr. Garofalo submitted by the FBI. |
| | | | | | *SA Anthony Onstead* (expects to present)<br>Special Agent, United States Customs Service<br>The witness and Plaintiff worked together on cases in North Dakota, and the witness has direct first hand knowledge of plaintiff's reputation, performance, abilities and experience. The witness will provide rebuttal/case-in-chief testimony regarding cases and incidents relied upon by the FBI to justify plaintiff's transfer, the inspection findings and her poor performance reviews. This will include specific testimony regarding some of the allegations in the Inspection Report and the various poor performance reviews. The witness will provide direct and circumstantial testimony of discriminatory animus against the plaintiff and the pretextual nature of the grounds used to transfer Ms. Turner. The witness will provide testimony concerning damages to the plaintiff's professional reputation and law enforcement career. The witness will provide testimony regarding the alleged decline in plaintiff's performance in the 1998-99 time frame, and will provide rebuttal testimony concerning the fitness for duty allegations raised by plaintiff's supervisors. |
| | | | | | *SA John Payne* (may call)<br>Retired FBI, Minneapolis Division Minneapolis, Minnesota<br>Will testify concerning the damage to Jane Turner's reputation at the time she commenced working in Minneapolis. |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | *Cowleen Rowley* (expects to present)<br>Retired FBI agent<br>The witness will testify to the failure of the FBI to follow proper procedures regarding Jane Turner's retaliation complaint, the culture of the FBI regarding its hostility toward employees who file EEO-type claims, her specific knowledge concerning Turner's second line supervisor, Mr. Burrus and his conduct toward employees such as Jane Turner. The witness will also testify to reputational harm. |
| | | | | | *Jane Turner* (expects to present)<br>Jane Turner, the plaintiff in this case, will testify about all matters in this case and will provide rebuttal testimony to allegations raised by the FBI witnesses. The witness will also testify to the damages she suffered, including economic, reputational and emotional distress damages. |
| *DEPOSITION WITNESSES* | | | | | |
| | | | | | *James Casey* (will testify by deposition narrative statement)<br>FBI Supervisor and Inspector<br>Plaintiff does not intend to call this witness live, but intends to introduce the witness' testimony thought a deposition-stipulation, as provided in the Court's Final Pretrial Order, ¶ 3. The contents of the proposed stipulation have been provided to the FBI. The testimony will focus on an inspection conducted by the witness related to Ms. Turner. |
| | | | | | *Carl Florez* (will testify by deposition narrative statement)<br>Retired FBI Agent<br>Plaintiff does not intend to call this witness live, but intends to introduce the witnesses testimony thought a deposition-stipulation, as provided in the Court's Final Pretrial Order, ¶ 3. The deposition-testimony has been filed with the Court. The testimony will focus on the performance skills of the plaintiff and the witness' observation that Ms. Turner was treated differently by her supervisor then other employees. |
| | | | | | *Elmer Fordance* (will testify by deposition narrative statement)<br>Bureau of Indian Affairs, North Dakota<br>Plaintiff does not intend to call this witness live, but intends to introduce the witnesses testimony thought a deposition-stipulation, as provided in the Court's Final Pretrial Order, ¶ 3. The deposition-testimony has been filed with the Court. The witness' testimony concerns the reputation of the plaintiff and the witness' testimony concerning an incident discussed in the inspection report. |
| | | | | | *Ray Morrow* (will testify by deposition narrative statement)<br>Retired FBI Supervisor<br>Plaintiff does not intend to call this witness live, but intends to introduce the witnesses testimony thought a deposition-stipulation, as provided in the Court's Final Pretrial Order, ¶ 3. The contents of the proposed stipulation have been provided to the FBI. This witness' testimony will focus on the performance review he conducted on the plaintiff in May, 2000, which has been stipulated into evidence. |
| | | | | | *SA Richard Waldie* (may testify by deposition narrative statement)<br>Retired FBI Agent<br>Plaintiff does not intend to call this witness live, but intends to introduce the witness' testimony thought a deposition-stipulation, as provided in the Court's Final Pretrial Order, ¶ 3. Plaintiff's proposed testimony for this witness was provided to the FBI in accordance with the procedures set forth in the Final Pretrial Order. |
| | | | | | *Dr. John Garofalo* (may testify by deposition narrative statement)<br>Plaintiff does not intend to call this witness live, but may introduce a portion of the witnesses deposition-stipulation testimony into evidence. The witnesses testimony is set forth in the Joint Agreed Upon Statement of Testimony, paragraphs 1-8, which was filed with the Court. |

Respectfully submitted,

__/s/_ Stephen M. Kohn___

Stephen M. Kohn
(Admitted Pro Hac Vice)
Kohn, Kohn & Colapinto LLP
3233 P Street N.W.
Washington, DC 20007

Dated: January 5, 2007