UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
01-CV-1407 (JMR/FLN)

| | | |
|---|---|---|
| JANE A. T. TURNER, | ) | |
| | ) | |
| Plaintiff, | ) | **PLAINTIFF'S MOTION IN** |
| | ) | **LIMINE TO EXCLUDE** |
| ALBERTO GONZALES, *et al*., | ) | **"DROP FILES" OF** |
| | ) | **CRIAG WELKEN** |
| Defendant. | ) | |
| ________________________________________ | ) | |

Plaintiff, Jane A. T. Turner, by and through her undersigned counsel, moves *in limine* under Fed. R. Evid. 401-02 to exclude hearsay evidence of drop files maintained by Craig Welken. Alternatively, Plaintiff moves to exclude the same under Fed. R. Evid. 403 as highly prejudicial. Alternatively, Plaintiff moves to exclude the same under Fed. R. Evid 802 as hearsay. As set forth below, good cause exists for granting this motion.

**MEMORANDUM AND POINTS OF AUTHORITIES**

Defendants' proposed Exhibit 84 is the "drop file" of Plaintiff Jane Turner's former supervisor, Mr. Craig Welken. Within the FBI, supervisors are permitted to maintain a "drop file" on an employee. This file is not part of the personnel file and, under normal circumstances, it is required to be destroyed after a period of time. There are no requirements whatsoever governing the contents of a drop file, and a supervisor can place anything in that file, or create his or her own documents for placement in that file. There is no requirement that items placed in that file be otherwise admissible evidence, and there is no requirement that items placed in that file undergo any form of review, quality control check or approval by anyone. Admission into evidence of this type unapproved documentation assembled by a supervisor who was fully aware that the employee at issue had filed an EEO complaint against him would be highly prejudicial.

Additionally, the "drop file" consists of hundreds of pages of documents. The FBI could have separately identified those documents within the "drop file" that were properly admissible as evidence and listed those documents as potential exhibits. By simply referencing the "drop file," which literally is six inches thick, the Plaintiff is highly prejudiced as she does not know which documents the FBI may select from that file to use in the case.

The FBI would not be prejudiced by granting this motion. The FBI has already introduced into evidence or properly identified as exhibits for this case the various performance records and internal memorandum related to Jane Turner's performance. The supervisor who created the file will be testifying at the trial. If that supervisor needed to use file to refresh his recollection, such a use would be appropriate.

At best, the FBI can argue that the documents in Mr. Welken's "drop file" meet the business record exception to the hearsay rule. *See* Fed. R. Evid. 803(6). However, this argument fails, as the documents do not meet the "business record" exception to the hearsay rule.

The records maintained in Mr. Welken's "drop file" constitute hearsay and do not fall within any of the exceptions to the rule. Rule 803(6) excludes from the hearsay prohibition set forth in Rule 802. A substantial factor in the reliability of any system of records is the promptness with which transactions are recorded. The formula of the Federal Rule 803(6) is "at or near the time." The failure to make a timely record may suggest nonregularity in the making of the statement and may indicate motivational problems related to records prepared for litigation purposes. *See United States v. Lemire,*

720 F.2d 1327 (D.C. Cir. 1983); *Wilco Kuwait (Trading) S.A.K. v. deSavary*, 843 F.2d 618, 628 (1st Cir. 1988).

In this case, Mr. Welken did not create the records maintained in his "drop file" "at or near the time" the events referenced in many of these files occurred. Furthermore, Mr. Welken also made phone calls to individuals long after many of the events at issue occurred, and attempted to create documents which he could use to defeat Ms. Turner's EEO claims and/or justify his adverse actions.

Accordingly, the Plaintiff requests an order that the Defense is precluded from offering, referencing or seeking to introduce any evidence contained in Mr. Welken's Drop File.

Respectfully submitted,

__/s/_ Stephen M. Kohn___
Stephen M. Kohn
(Admitted Pro Hoc Vice)
Kohn, Kohn & Colapinto LLP
3233 P Street N.W.
Washington, DC 20007

Dated: January 5, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
01-CV-1407 (JMR/FLN)

| | | |
|---|---|---|
| JANE A. T. TURNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| ALBERTO GONZALES, *et al*., | ) | |
| | ) | |
| Defendant. | ) | |
| ______________________________________ | ) | |

Upon consideration of Plaintiff's Motion in Limine to Exclude Drop Files of Craig Welken, the opposition thereto and the record in this case, Plaintiff's Motion is hereby GRANTED; and it is

FURTHER ORDERED that the following documents shall not be introduced as evidence in the trial for the above-captioned case: Craig Welken's drop file identified as Defendants Ex. # 84.

It is so ORDERED on this ___ day of January, 2007

_________________________
Hon. James M. Rosenbaum