UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
01-CV-1407 (JMR/FLN)

| | | |
|---|---|---|
| JANE A. T. TURNER, | ) | |
| | ) | **PLAINTIFF'S MOTION IN** |
| Plaintiff, | ) | **LIMINE TO EXCLUDE** |
| | ) | **EVIDENCE CONCERNING** |
| ALBERTO GONZALES, *et al*., | ) | **"FITNESS FOR DUTY"** |
| | ) | **ALLEGATIONS** |
| Defendant. | ) | |
| | ) | |

Plaintiff, Jane A. T. Turner, by and through her undersigned counsel, moves *in limine* under Fed. R. Evid. 401 to exclude evidence of or references to fitness for duty referrals, examination or findings made by the FBI as irrelevant. Alternatively, Plaintiff moves to exclude the same under Fed. R. Evid. 403 as highly prejudicial.

**MEMORANDUM AND POINTS OF AUTHORITIES**

The FBI may seek to introduce evidence regarding fitness for duty referrals, examinations or findings related to Jane Turner. A "fitness for duty" examination within the FBI is a work-related psychological review to determine whether an employee is fit to carry a weapon and work as a Special Agent.

Prior to Jane Turner's transfer, her supervision made a fitness for duty inquiry with FBI Headquarters. FBI Headquarters determined that the record created by the local FBI did not warrant a fitness for duty referral and examination.

After Jane Turner was transferred to the Minneapolis, her supervision made another referral. At that time she was required to undergo an examination and the FBI made adverse findings. These findings were vigorously contested by Ms. Turner, and the FBI eventually found her fully fit for duty.

In regard to the post-transfer fitness for duty referrals/examinations/findings, these matters are clearly irrelevant. The referral was based on conduct that occurred after the transfer. The FBI placed these matters onto the record during the summary judgment proceeding. However, the U.S. Court of Appeals correctly noted that events which occurred after the transfer were not relevant to this case. Specifically, the Court found that due to the chronology of events, the decision to transfer Jane Turner to Minneapolis could not be justified by subsequent events.[1] The FBI should therefore be precluded from referring to or introducing any evidence of the post-transfer fitness for duty issues. These matters are completely irrelevant to the transfer decision, are highly prejudicial, and would confuse and mislead the jury.

While still working in North Dakota, Jane Turner's supervision made a request to Headquarters for a fitness for duty referral. This request was denied by Headquarters. Consequently, because the request was denied, the fact of the request is irrelevant to this proceeding, and testimony related to that request and its denial should also be excluded from evidence.

Additionally, any mention of the fitness for duty exam would be highly prejudicial, and would confuse or mislead the jury.

Accordingly, the Plaintiff requests an order that the Defense is precluded from offering, referencing or seeking to introduce any evidence of the fitness for duty examination as irrelevant and prejudicial and because such testimony would mislead or confuse the jury.

Respectfully submitted,

__/s/_ Stephen M. Kohn___
Stephen M. Kohn

---

[1] *Turner v. Gonzales*, 421 F.3d 688, 698 (Minn. 2005).

(Admitted Pro Hac Vice)
Kohn, Kohn & Colapinto LLP
3233 P Street N.W.
Washington, DC 20007

Dated: January 5, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
01-CV-1407 (JMR/FLN)

| | | |
|---|---|---|
| JANE A. T. TURNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| ALBERTO GONZALES, *et al*., | ) | |
| | ) | |
| Defendant. | ) | |
| ___________________________________ | ) | |

Upon consideration of Plaintiff's Motion in Limine, the opposition thereto and the entire record in this case, Plaintiff's Motion in Limine to Exclude Evidence Concerning "Fitness for Duty" allegations is hereby GRANTED; and it is

FURTHER ORDERED that the following documents shall not be introduced as evidence in the trial for the above-captioned case:

1) Welken/Domin referral for FFD and transfer dated 11-05-99, identified as Defendants Ex. # 90;

2) Health Care response to FFD request dated 11-22-99, identified as Defendants Ex. # 91;

3) June 24, 2001 Letter from FBI HCPU regarding FFD Request, identified as Defendants Ex. # 93;

4) The testimony of Dr. John G. Garofalo, paragraphs 9-16, submitted to the Court on December 28, 2006. See, Joint Agreed Statement of Testimony, Dr. John G. Garofalo; and it is

FURTHER ORDERED that the parties shall instruct their witnesses that they are not to testify about Plaintiff's FFD referral(s), evaluation(s) or any findings by any person that Ms. Turner was not fit for duty.

It is so ORDERED on this ___ day of January 2007.

_____________________________
Hon. James M. Rosenbaum