UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
01-CV-1407 (JMR/FLN)

| | |
|---|---|
| JANE A. T. TURNER,<br><br>Plaintiff,<br><br>ALBERTO GONZALES, *et al*.,<br><br>Defendant. | **PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE CONCERNING PERFORMANCE ISSUES AFTER MAY 2000 OF JANE TURNER** |

Plaintiff, Jane A. T. Turner, by and through her undersigned counsel, moves *in limine* under Fed. R. Evid. 401 to exclude evidence of or reference to performance issues and evaluations conducted or performed after May, 2000. Alternatively, Plaintiff moves to exclude the same under Fed. R. Evid. 403 as irrelevant, or in the alternative, unduly prejudicial. As set forth below, good cause exists for granting this motion.

**MEMORANDUM AND POINTS OF AUTHORITIES**

The FBI may seek to introduce evidence regarding performance issues, evaluations or other events that occurred after Jane Turner was transferred to the FBI Minneapolis office in May, 2000. However, this case concerns the June-December, 1999 performance rating downgrades and the 1999 decision to transfer Ms. Turner to Minneapolis. During the summary judgment proceedings, the FBI unsuccessfully attempted to bootstrap post-May, 2000 performance issues onto the transfer/1999-performance issues. Those attempts were rejected by the U.S. Court of Appeals for the Eight Circuit and there is no good cause to re-visit those matters.

Specifically, the Court of Appeals noted that the transfer/1999-performance issues could not possibly be justified by events which occurred after May, 2000.[1] This was a well reasoned holding, as numerous highly contested events occurred after the transfer, some of which are in litigation or still under investigation in other forums.

For this reason, the FBI should be prohibited from referring to or introducing any evidence of performance evaluations, performance issues or other events that occurred after Ms. Turner reported for duty in Minneapolis in May, 2000.

Furthermore, reference to events in the Minneapolis office would unduly confuse the jury, prejudice the Plaintiff by raising issues that are not material to the case and significantly increase the time and cost necessary to litigate this case. The circumstances surrounding Jane Turner's post-transfer employment history would require the court to hear from additional fact witnesses and would significantly enlarge the scope of this proceeding.

Accordingly, Plaintiff requests an order that Defendant be precluded from offering or seeking to introduce evidence related to her performance or other employment-related matters that occurred after May, 2000 as irrelevant and prejudicial.

Respectfully submitted,

KOHN, KOHN & COLAPINTO LLP

__/s/_ Stephen M. Kohn______

Stephen M. Kohn
(Admitted Pro Hoc Vice)
Kohn, Kohn & Colapinto LLP
3233 P Street N.W.
Washington, DC 20007

Dated: January 5, 2007

---

[1] *Turner v. Gonzales*, 421 F.3d 688, 698 (Minn. 2005).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
01-CV-1407 (JMR/FLN)

| | | |
|---|---|---|
| JANE A. T. TURNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| ALBERTO GONZALES, *et al*., | ) | |
| | ) | |
| Defendant. | ) | |
| ______________________________ | ) | |

Upon consideration of Plaintiff's Motion in Limine to Exclude Evidence Concerning Performance Issues After May, 2000, the opposition thereto, and the entire record of this case, Plaintiff's Motion is hereby GRANTED; and it is

FURTHER ORDERED that the following documents shall not be introduced as evidence in the trial for the above-captioned case:

1) The testimony of Dr. John G. Garofalo, paragraphs 9-16, submitted to the Court on December 28, 2006. See, Joint Agreed Statement of Testimony, Dr. John G. Garofalo.

2) June 24, 2001 Letter from FBI HCPU regarding FFD Request, identified as Defendants Ex. # 93;

and it is

FURTHER ORDERED that the parties shall instruct their witnesses that they are not to testify about Plaintiff's performance, evaluations, fitness for duty, disciplinary status, allegations filed by the Plaintiff with the FBI and Department of Justice Office of Professional Responsibility, allegations filed by the Plaintiff with the Department of Justice Office of Inspector General, and notice of proposed removal or other related to the Plaintiff which occurred on or after May, 2000.

It is so ORDERED on this ___ day of January, 2007

______________________
Hon. James M. Rosenbaum