**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**01-1407 JMR/FLN**

| | | |
|---|---|---|
| JANE TURNER, | ) | |
| Plaintiff, | ) | **PLAINTIFF'S PROPOSED SUBSTANTIVE JURY INSTRUCTIONS** |
| v. | ) | |
| ALBERTO GONZALES, ET AL. | ) | |
| Defendants. | ) | |

Pursuant to the Final Pretrial Order, paragraph 10, Plaintiff, Jane Tuner, hereby submits her proposed special verdict form and substantive jury instructions to the Court. Attached hereto are: Plaintiff's proposed jury instructions numbers 1-13.

Respectfully submitted,
_______/s/ Stephen M. Kohn____

Stephen M. Kohn, DC Bar #411513
KOHN, KOHN & COLAPINTO, LLP
3233 P Street, N.W.
Washington, DC 20007
(202) 342-6980

______/s/Robert Hill___________

Robert Hill and Associates
The IDS Center, Suite 825
80 South 8th Street
Minneapolis, MN 55402
(612)376-0017

Attorneys for the Plaintiff

Dated: January 10, 2007

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| JANE A. T. TURNER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v | ) | Civil Case No. 01-1407 JMR/FLN |
| | ) | |
| ALBERTO GONZALES ET. AL., | ) | |
| | ) | |
| Defendant. | ) | |
| ______________________________________ | ) | |

**PLAINTIFF'S PROPOSED JURY INSTRUCTION # 1**

**All Persons Equal Before the Law--Individuals**

This case should be considered and decided by you as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons stand equal before the law and are to be treated as equals.

Adapted from 3B West's Fed. Forms, District Courts-Civil (5th ed.).

Accepted ________ Rejected ________

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| JANE A. T. TURNER<br><br>Plaintiff,<br><br>v<br><br>ALBERTO GONZALES ET. AL.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Case No. 01-1407 JMR/FLN |

**PLAINTIFF'S PROPOSED JURY INSTRUCTION # 2**

**Protected Activity**

You must find that the Plaintiff, Jane Turner engaged in activity protected under federal law if she filed an EEO complaint. You must also find that Plaintiff Jane Turner engaged in protected activity if she complained to the defendant the she was being harassed or discriminated against because she filed an EEO complaint or if Jane Turner opposed practices of the defendant which she reasonably believed constituted retaliation, harassment or discrimination.

Adapted from 8th Cir. Man. of Model Jury Instructions (civil), Sections 5.61 and 5.62 and *Turner v. Gonzales*, 421 F.3d 688, 696 (8th Cir. 2005).

Accepted ________ Rejected ________

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| JANE A. T. TURNER<br><br>Plaintiff,<br><br>v<br><br>ALBERTO GONZALES ET. AL.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Case No. 01-1407 JMR/FLN |

**PLAINTIFF'S PROPOSED JURY INSTRUCTION # 3**

**Performance Rating Downgrade - Element Instructions**

Your verdict must be for plaintiff and against defendant on plaintiff's retaliatory performance review claim if all the following elements have been proved by the preponderance of the evidence:

First, the employer, the FBI, subjected the plaintiff, Jane Turner, to an adverse employment action, that is: the FBI gave Jane Turner a performance rating downgrade that had a tangible effect on her employment.

Second, the plaintiff's Protected Activity was a motivating factor for the performance rating downgrade that is: if you find that plaintiff's protected activity in filing an EEO claim or complaining about harassment/discrimination played a part or a role in the defendant's decision to give plaintiff a performance rating downgrade, then you must find in favor of the Plaintiff.

If you find that each of the elements on which the plaintiff has the burden of proof has been proved, your verdict should be for the plaintiff. If, on the other hand, either of the above elements has not been proved by the preponderance of the evidence, your verdict on this count must be for defendant and you need not proceed further in considering this claim.

Adapted from Jury instruction adapted 8th Cir. Man. of Model Jury Instructions (civil) 5.62 (2005). *Turner v. Gonzales*, 421 F.3d 688, 696 (8th Cir. 2006).

Accepted ________ Rejected ________

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| JANE A. T. TURNER<br><br>Plaintiff,<br><br>v<br><br>ALBERTO GONZALES ET. AL.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Case No. 01-1407 |

**PLAINTIFF'S PROPOSED JURY INSTRUCTION # 4**

**Transfer - Element Instructions**

Your verdict must be for plaintiff and against defendant on plaintiff's retaliatory transfer claim if all the following elements have been proved by the preponderance of the evidence:

First, the employer, the FBI, subjected the plaintiff, Jane Turner, to an adverse employment action, that is: the FBI's action of subjecting Jane Turner to an involuntary transfer to Minneapolis and her assignment(s) there was a considerable downward shift from her responsibilities in investigating crimes against children while she was stationed in Minot.

Second, the plaintiff's protected activity on was a motivating factor in the defendant's decision to take the adverse employment action above, that is: if you find that plaintiff's protected activity played a part or a role in the defendant's decision to transfer her to Minneapolis then you must find in favor of the plaintiff and consider what damages are reasonable to award the plaintiff.

If you find that each of the elements on which the plaintiff has the burden of proof has been proved, your verdict must for the plaintiff. If, on the other hand, either of the above elements has not been proved by the preponderance of the evidence, your verdict on this count must be for defendant and you need not proceed further in considering this claim.

Adapted from Jury instruction adapted 8th Cir. Man. of Model Jury Instructions (civil) 5.62 (2005). *Turner v. Gonzales*, 421 F.3d 688, 696 (8th Cir. 2006).

Accepted ________ Rejected ________

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| JANE A. T. TURNER<br><br>Plaintiff,<br><br>v<br><br>ALBERTO GONZALES ET. AL.,<br><br>Defendant. | ) | Civil Case No. 01-1407 |

**PLAINTIFF'S PROPOSED JURY INSTRUCTION # 5**

**Retaliation and Deterrence - Element Instructions**

Your verdict must be for plaintiff and against defendant on plaintiff's retaliation claim if all the following elements have been proved by the preponderance of the evidence:

First, the defendant, the FBI, subjected the plaintiff, Jane Turner, to an adverse employment action, that is: in the context of this case, the FBI's conduct might well have dissuaded a reasonable employee from making or supporting a charge of discrimination. In the context of this case, if you find that any or all of the FBI's actions toward Jane Turner (whether individual actions or the FBI's conduct as a whole) might well have dissuaded a reasonable employee from making or supporting a charge of discrimination, then you must find that Plaintiff Jane Turner has proved that the FBI subjected her to an adverse employment action.

Second, the plaintiff's protected activity was a motivating factor in the defendant's decision to take the adverse employment action against her.

If you find that each of the elements on which the plaintiff has the burden of proof has been proved, your verdict should be for the plaintiff. If, on the other hand, either of the above elements has not been proved by the preponderance of the evidence, your verdict on this count must be for defendant and you need not proceed further in considering this claim.

Adapted from Jury instruction adapted 8th Cir. Man. of Model Jury Instructions (civil) 5.62 (2005). *See* Burlington Northern & Santa Fe Ry. Co. v. White, 126 S.Ct. 2405, 2416-17 (2006).

Accepted ________ Rejected ________

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JANE A. T. TURNER )
)
Plaintiff, )
)
v ) Civil Case No. 01-1407
)
ALBERTO GONZALES ET. AL., )
)
Defendant. )
______________________________________)

**PLAINTIFF'S PROPOSED JURY INSTRUCTION # 6**

**Burden Shift - Instructions**

Even if you find in favor of the plaintiff on any or all of the claims of adverse action for the transfer to Minneapolis, performance rating downgrade, and/or action which would deter a reasonable employee from engaging in protected activity, your verdict must still be for the defendant if the defendant has been proved by the preponderance of the evidence that defendant would have taken the action against the plaintiff even if plaintiff had not filed an EEOC charge or complained about harassment/discrimination.

However, you may still find for the plaintiff if you find that plaintiff's filing of an EEOC charge or complaints about harassment/discrimination was a motivating factor in defendant's decision. This is the case if it has been proved by the preponderance of the evidence that defendant's stated reasons for its decision are a pretext to hide discrimination. If you find that the reason(s) proffered by the defendant are unworthy of credence you may infer that the reason proffered was a pretext and find for the plaintiff.

Adapted from 8th Cir. Man. of Model Jury Instructions (civil) 5.62 (2005). *Wallace v. Sparks Health System*, 415 F.3d 853 (8th Cir. 2005). *Turner v. Gonzales*, 421 F.3d 688, 696 (8th Cir. 2006).

Accepted ________ Rejected ________

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JANE A. T. TURNER )
)
Plaintiff, )
)
v ) Civil Case No. 01-1407 JMR/FLN
)
ALBERTO GONZALES ET. AL., )
)
Defendant. )
______________________________________)

**PLAINTIFF'S PROPOSED JURY INSTRUCTION # 7**

**Motivating Factor**

As used in these instructions, plaintiff's protected activity was a "motivating factor," if plaintiff's protected activity played any part or role in the defendant's decision to give plaintiff a performance rating downgrade and/or transfer plaintiff to Minneapolis. Plaintiff's protected activity need not have been the only reason for defendant's decision to give plaintiff a performance rating downgrade and/or involuntary transfer to Minneapolis.

Jury instruction adapted 8th Cir. Man. of Model Jury Instructions (civil) 9.04 (2005).

Accepted ________ Rejected ________

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| JANE A. T. TURNER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v | ) | Civil Case No. 01-1407 JMR/FLN |
| | ) | |
| ALBERTO GONZALES ET. AL., | ) | |
| | ) | |
| Defendant. | ) | |
| ______________________________________ | ) | |

**PLAINTIFF'S PROPOSED JURY INSTRUCTION # 8**

**Direct and Circumstantial Evidence**

Generally speaking, there are two types of evidence that are generally presented during a trial--direct evidence and circumstantial evidence. "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. "Indirect or circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

As a general rule, the law makes no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence. You are simply required to find the facts in accordance with the preponderance of all the evidence in the case, either or both direct and circumstantial.

Adapted from 3B West's Fed. Forms, District Courts-Civil § 4210 (5th ed.).

Accepted ________ Rejected ________

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| JANE A. T. TURNER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v | ) | Civil Case No. 01-1407 JMR/FLN |
| | ) | |
| ALBERTO GONZALES ET. AL., | ) | |
| | ) | |
| Defendant. | ) | |
| ______________________________ | ) | |

**PLAINTIFF'S PROPOSED JURY INSTRUCTION # 9**

**Circumstantial Evidence (*Costa* Instructions)**

Circumstantial evidence is not only sufficient, but may also be more certain, satisfying, and persuasive than direct evidence. For example, if you find that a defendant's explanation for an employment practice is unworthy of credence then you may infer intentional retaliation on the part of the defendant, even without direct evidence that retaliation took place. This is one form of circumstantial evidence that is probative of intentional retaliation.

Adapted from 8th Cir. Man. of Model Jury Instructions (civil), Section 5, Employment Cases Overview, fn 3 (2005). *See Desert Palace, Inc. v. Costa*, 539 U.S. 90, 100 (2003).

Accepted ________ Rejected ________

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JANE A. T. TURNER )
)
Plaintiff, )
)
v ) Civil Case No. 01-1407 JMR/FLN
)
ALBERTO GONZALES ET. AL., )
)
Defendant. )
______________________________________)

**PLAINTIFF'S PROPOSED JURY INSTRUCTION 10**

**Inferences Defined**

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You may draw from the facts that you find have been proved such reasonable inferences as seem justified in light of your experience.

Inferences are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

Jury instruction adapted from 3B West's Fed. Forms, District Courts-Civil § 4211 (5th ed.)

Accepted ________ Rejected ________

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| JANE A. T. TURNER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v | ) | Civil Case No. 01-1407 JMR/FLN |
| | ) | |
| ALBERTO GONZALES ET. AL., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S PROPOSED JURY INSTRUCTION # 11**

**Actual Damages**

If you find in favor of plaintiff Jane Turner on any counts, then you must award plaintiff such sum as you find by the preponderance of the evidence will fairly and justly compensate her for any damages you find plaintiff sustained as a direct result of defendant's adverse action. This would include damages sustained as a direct result of her obtaining (1) a performance rating downgrade, (2) her transfer to Minneapolis and/or (3) as a result of the actions taken by the FBI against Jane Turner which reasonably could have dissuaded a reasonable employee from making or supporting a charge of discrimination. If you find in favor of plaintiff on any of these counts, plaintiff's claim for damages includes two distinct types of damages and you must consider them separately:

*First*, you must determine the amount of any wages and fringe benefits plaintiff would have earned in her employment with defendant if she had not been retaliated against through the date of your verdict, *minus* the amount of earnings and benefits that plaintiff received from other employment during that time.

*Second*, you must determine the amount of any other damages sustained by plaintiff, such as loss of reputation, emotional pain, suffering, inconvenience, mental anguish, loss of

enjoyment of life, or other non-monetary or money losses.

You must enter separate amounts for each type of damages in the verdict form and must not include the same items in more than one category.



Jury instruction adapted from 8th Cir. Man. Of Model Jury Instructions (civil) § 5.02A (2005). *See* Burlington Northern and Santa Fe Ry. Co. v. White, 126 S.Ct. 2405, 2416-17 (2006).

Accepted ________ Rejected ________

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JANE A. T. TURNER )
)
Plaintiff, )
)
v ) Civil Case No. 01-1407 JMR/FLN
)
ALBERTO GONZALES ET. AL., )
)
Defendant. )
)

**PLAINTIFF'S PROPOSED JURY INSTRUCTION # 12**

**Damages Emotional distress**

If you find that Plaintiff Jane Turner is entitled to a verdict against Defendant FBI and that plaintiff suffered emotional distress, you must then award plaintiff such sum as you believe will fairly and justly compensate plaintiff for all loss or harm that she sustained (and is reasonably certain to sustain in the future) as a direct result of the defendant's conduct. The amount of such award shall include:

1. Reasonable compensation for any nonpecuniary damages (non-financial loss) such as fears, anxiety and other emotional distress, pain, or suffering; physical pain and suffering; mental anguish; inconvenience; loss of enjoyment of life; and/or any other nonpecuniary losses reasonably certain to be experienced in the future from the same cause.
2. Reasonable compensation for any pecuniary damages (actual financial loss) suffered by the Plaintiff which was caused by emotional distress such as income loss in the past, impairment of earning capacity or ability in the future, and the reasonable value, not

exceeding the actual cost to plaintiff, of medical care that you find will be reasonably certain to be required in the future as a proximate result of the injury in question.

In determining the amount of emotional distress damages, no definite standard or method of calculation is prescribed by law by which to fix reasonable compensation for emotional distress. Nor is the opinion of any witness required as to the amount of such reasonable compensation. Furthermore, the argument of counsel as to the amount of damages is not evidence of reasonable compensation. In making an award for emotional distress you shall exercise your authority with calm and reasonable judgment and the damages you fix shall be just and reasonable in the light of the evidence. Such damages cannot be based on speculation.



Adapted from 8th Cir. Man. of Model Jury Instructions (civil) 5.02A, fn 8 and 8.81 (2005).

Accepted ________ Rejected ________

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| JANE A. T. TURNER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v | ) | Civil Case No. 01-1407 JMR/FLN |
| | ) | |
| ALBERTO GONZALES ET. AL., | ) | |
| | ) | |
| Defendant. | ) | |
| ______________________________________ | ) | |

**PLAINTIFF'S PROPOSED JURY INSTRUCTION # 13**

**Compensatory damages—Loss of reputation, shame, and injury to feelings**

Loss of reputation, and shame, mortification, and injuries to feelings are proper elements of compensatory damages that you may, and should, consider in arriving at your verdict.

Jury instruction adapted from 16B Am. Jur. Pl. & Pr. Forms § 287.

Accepted ________ Rejected ________