IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| JANE A. TURNER, | ) | |
| | ) | |
| Plaintiff, | ) | No.01-CV-1407 (JMR/FLN) |
| | ) | |
| vs. | ) | |
| | ) | |
| ALBERTO GONZALES, Director Federal Bureau of Investigation (FBI) | ) | |
| | ) | |
| | ) | |
| Defendant. | | |

DEFENDANT'S PRELIMINARY AND FINAL JURY INSTRUCTIONS TO THE JURY AND VERDICT FORM

---

TABLE OF CONTENTS

PRELIMINARY INSTRUCTIONS

NO. 1 STATEMENT OF THE CASE

NO. 2 TITLE VII

NO. 3 ALL PERSONS EQUAL UNDER THE LAW

NO. 4 ELEMENTS OF THE CLAIM

FINAL INSTRUCTIONS

NO. 5 ELEMENTS OF RETALIATION

NO. 6 SAME DECISION DEFENSE

NO. 7 ADVERSE EMPLOYMENT ACTION - GENERAL

NO. 8 ADVERSE EMPLOYMENT ACTION - INTERIM REVIEW

NO. 9 ADVERSE EMPLOYMENT ACTION - TRANSFER.

NO. 10 MOTIVATING FACTOR

NO. 11 EVIDENCE OF OTHER DISCRIMINATION

NO. 12 LEGITIMATE, NON-RETALIATORY REASONS FOR EMPLOYMENT DECISION

NO. 13 BUSINESS JUDGMENT

NO. 14 MERE PROXIMITY IN TIME

NO. 15 DAMAGES IN GENERAL

NO. 16 COMPENSATORY DAMAGES

NO. 17 EXEMPLARY DAMAGES NOT ALLOWABLE

VERDICT FORM

DEFENDANT'S PROPOSED PRELIMINARY JURY INSTRUCTION NO. 1
STATEMENT OF THE CASE

The following brief summary of the case is not to be considered evidence or proof of any facts or events in the case. It simply informs you of the factual disputes between the parties. This is a civil case brought pursuant to Title VII of the Civil Rights Act of 1964, which makes it illegal for an employer to retaliate against an employee for opposing employment practices which violate Title VII.

The plaintiff in this case is Jane Turner. At the relevant time period, Ms. Turner was employed by the Federal Bureau of Investigation ( FBI) as a Special Agent. Ms. Turner is claiming that on or about June 23, 1999, her supervisor, Craig Welken, gave her an unfavorable file review after she wrote a memo of complaint against him on June 18, 1999. Further, Ms. Turner is claiming that as a result of her June 18, 1999, memo, she was retaliated against when she was transferred from the Minot, North Dakota office to the Minneapolis FBI field office in December of 1999.

The named defendant in this case is Alberto Gonzales. Mr. Gonzales is the Attorney General and the head of the U.S. Justice Department. The FBI is part of the Justice Department. Ms. Turner is challenging actions taken by her FBI supervisors so for the practical purposes of this case, the FBI is the defendant. The FBI denies Ms. Turner's claims of retaliation.

You will be asked to resolve these disputes between the parties.

8TH Cir. Civil Jury Instructions 1.01 (2005)
Modified

DEFENDANT'S PROPOSED PRELIMINARY JURY INSTRUCTION NO. 2
TITLE VII

The plaintiff brings this action under Title VII of the Civil Rights Act of 1964 anti-retaliation provision. This provision forbids an employer from discriminating against any employee because he or she has opposed any practice that Title VII forbids or has made a charge, testified, assisted, or participated in a Title VII investigation, proceeding, or hearing**.**

42 U.S.C. § 2000e-3(a)

DEFENDANT'S PROPOSED PRELIMINARY JURY INSTRUCTION NO. 3

ALL PERSONS EQUAL BEFORE THE LAW

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. The fact that the FBI is a federal agency should not affect your decision at all. A federal agency is entitled to the same fair trial at your hands as a private individual. All persons, including federal agencies and other organizations, stand equal before the law and are to be dealt with as equals in a court of justice.

O'Malley, Grenig & Lee, Federal Jury Practice & Instructions (5th Ed.) § 103.12 (modified).

DEFENDANT'S PROPOSED PRELIMINARY JURY INSTRUCTION NO. 4
ELEMENTS OF THE CLAIM

Plaintiff Jane Turner asserts a claim of retaliation against defendant FBI. Ms. Turner's retaliation claim consists of elements which she must prove by the greater weight of the evidence if she is to win on her retaliation claim. To help you follow the evidence, here is a brief summary of the elements of Ms. Turner's retaliation claim.

***RETALIATION***

Ms. Turner claims that the FBI retaliated against her for opposing or complaining against unlawful employment practices. To win her claim of retaliation, Ms. Turner must prove the following elements by the greater weight of the evidence:

*One* , Jane Turner opposed or complained about conduct she reasonably believed was an unlawful employment practice;

*Two*, the FBI subsequently took adverse employment action against Jane Turner; and

*Three,* Jane Turner's opposition to or complaints about unlawful employment practices were a motivating factor for the adverse employment action taken by the FBI.

**"Same Decision Defense"**

If Ms. Turner proves all of the elements of her "retaliation" claim, then you must consider whether the FBI has proved, by the greater weight of the evidence, that the FBI would have taken the same employment actions towards Ms. Turner regardless of

her opposition to or complaints of unlawful employment practices.

This is only a preliminary outline of the elements of Jane Turner's claims. At the end of the trial, I will give you further final written instructions that explain these claims and the FBI's defenses. Because the final instructions are more detailed, those instructions govern the elements of Jane Turner's claims and the FBI's defenses.

8th Cir. Civil Jury Instruction 5.61, 5.62 (2005) modified

DEFENDANT'S PROPOSED FINAL JURY INSTRUCTION NO. 5
ELEMENTS OF RETALIATION

Ms. Turner claims the FBI retaliated against her for opposing unlawful employment practices.

*Elements*

To win her claim of retaliation, Ms. Turner must prove all the following elements by the greater weight of the evidence:

*One*, Jane Turner opposed or complained about conduct that she reasonably believed was prohibited by Title VII.

*Two*, The FBI subsequently took adverse employment action against Jane Turner.

*Three*, Jane Turner's opposition to or complaints about discrimination were a motivating factor for the adverse employment action taken by the FBI.

Unless Ms. Turner proves *all* of these elements by the greater weight of the evidence, your verdict must be for the FBI on Ms. Turner's claim of retaliation. However, if you find that Ms. Turner has proved *all* of these elements by the greater weight of the evidence, you must consider whether the FBI has proved its "same decision" defense.

8th Circuit Model Jury Instructions no. 5.61, 5.62 modified

DEFENDANT'S PROPOSED FINAL JURY INSTRUCTION NO. 6

SAME DECISION DEFENSE

If Ms. Turner proves all of the elements of her "retaliation" claim, then you must consider whether the FBI has proved, by the greater weight of the evidence, that it would have made the same decision about its actions towards Ms. Turner or the conditions of her employment regardless of her complaints. If the FBI proves this defense, then you must enter your verdict in favor of the defendant.

8th Circuit Model Instructions 5.01, 5.61, 5.62 modified

DEFENDANT'S PROPOSED FINAL JURY INSTRUCTION NO. 7
ADVERSE EMPLOYMENT ACTION - GENERAL

Not every setback on the job amounts to an adverse employment action. An adverse employment action is a tangible change in duties or working conditions that constitute a material employment disadvantage. An adverse employment action must be materially adverse in that it would dissuade a reasonable worker from making or supporting a charge of discrimination.

Burlington Northern &Sante Fe Co. V. White, __U.S. —, 126 S. Ct. 2405, 2145, 165 L. Ed. 2d 345 (2006)

Powell v. Yellow Book USA, Inc. 445 F.3d 1074 (8th Cir, 2006).

Burchett v. Target Corp. 340 F.3d 510, 518 (8th Cir. 2003).

DEFENDANT'S PROPOSED FINAL JURY INSTRUCTION NO. 8

ADVERSE EMPLOYMENT ACTION - INTERIM REVIEW

A poor performance rating does not in itself constitute an adverse employment action because it has a tangible effect upon the recipient's employment. An unfavorable evaluation is actionable only where the employer subsequently uses the evaluation as a basis to detrimentally alter the terms and conditions of the recipient's employment.

Turner v. Gonzales, 421 F.3d 688, 696 (8th Cir. 2005)

Spears v. Mo. Dept. Of Corrections & Human Resources, 210 F.3d 850, 854 (8th Cir,. 2000)

DEFENDANT'S PROPOSED FINAL JURY INSTRUCTION NO. 9

ADVERSE EMPLOYMENT ACTION - TRANSFER

A transfer constitutes an adverse employment action when the transfer results in a significant change in working conditions or a diminution in the transferred employee's title, salary, or benefits. Turner's title salary and benefits were not affected by the transfer to Minnesota. The normal inconvenience associated with any transfer, such as establishing one's professional connections in a new community, without more, are not significant changes in working conditions. A significant change in working conditions does occur when there is a considerable downward shift in skill level required to perform the employee's new job responsibilities.

Turner v. Gonzales, 421 F.3d 688, 697 (8th Cir. 2005)
Fisher v. Pharamacia & Upjohn, 225 F.3d 915, 919 (8th Cir. 2000).

DEFENDANT'S PROPOSED FINAL JURY INSTRUCTION NO. 10

"MOTIVATING FACTOR"

Jane Turner's opposition to discrimination was a "motivating factor" if her opposition to discrimination played a role in the FBI's decisions. However, the plaintiff's opposition to discrimination need not have been the only reason for those employment decisions.

You may find that Ms. Turner's opposition to discrimination was a motivating factor in the FBI adverse employment decisions if Ms. Turner has proved by the greater weight of the evidence that the FBI's stated reasons for its decisions are not the true reasons, but are instead a pretext to hide a retaliatory decision. However, you cannot find that the "motivating factor" element of a retaliation claim has been proved simply because you disagree with the FBI's decisions, or think that those decisions were harsh and unreasonable. Instead, the "motivating factor" element is only proved if you find by the greater weight of the evidence that Ms. Turner's opposition to discrimination in the case of her retaliation claim was a motivating factor for the FBI's adverse employment action.

8th Circuit Model Instruction 5.96 modified
Baker v. John Morrell, 266 F. Supp 2d 909 (ND Iowa 2003)

DEFENDANT'S PROPOSED FINAL JURY INSTRUCTION NO. 11
EVIDENCE OF OTHER DISCRIMINATION

This is a retaliation case. Other forms of discrimination are not at issue here, and you should not be influenced by any other types of discrimination not based on retaliation. In this case you are only asked to determine whether the plaintiff was unlawfully subjected to adverse employment actions in retaliation for her having engaged in protected conduct.

Judge Collier's Instructions in *Ware v. United States Parcel Service*, No. 1:00-CV-310 at p. 18 (http://www.tned.uscourts.gov/opinions/collier/jrcv103651809223523.pdf) (Apr. 20, 2005).

DEFENDANT'S PROPOSED FINAL JURY INSTRUCTION NO. 12

LEGITIMATE, NON-RETALIATORY REASONS FOR EMPLOYMENT DECISION

You must also consider any legitimate, non-retaliatory reason or explanation stated by the defendant for the conduct of FBI supervisors in supervising the plaintiff. If you determine that the FBI has stated such a reason, then you must decide in favor of the FBI unless the plaintiff proves by a preponderance of the evidence that the stated reason was not the true reason but was only a pretext or excuse for the defendant's retaliating against the plaintiff because of her having reported alleged discrimination.

Source: O'Malley, Grenig & Lee, Federal Jury Practice and Instructions (5th Ed.) § 171.77 (modified).

DEFENDANTS FINAL PROPOSED JURY INSTRUCTION NO. 13

BUSINESS JUDGMENT

You may not return a verdict for plaintiff just because you might disagree with

defendant's decision or believe it to be harsh or unreasonable. An employer may suspend or otherwise adversely affect an employee for any other reasons, good or bad, fair or unfair.

The fact that an employment decision may be an erroneous decision, a decision based on poor administration or bad policy, one based on poor communication or lack of study, or even one based on personal dislike or animosity does not constitute unlawful discrimination unless retaliation is a determining factor in the decision to transfer Plaintiff or give her an unfavorable interim review.

Manual of Model Civil Jury Instruction for the Eighth Circuit, § 5.94

DEFENDANT'S PROPOSED FINAL JURY INSTRUCTION NO. 14

MERE PROXIMITY IN TIME

It is not enough that the plaintiff can show that her protected conduct of writing a memo of complaint was followed soon after by the conduct of supervisors of which

she complains. Mere proximity in time is not enough to demonstrate retaliation. However, temporal proximity is relevant. The plaintiff must produce evidence besides proximity to show that the alleged harassment was in retaliation for her having filed an EEO claim or writing a memo of complaint.

Judge Collier's Instructions in *Ware v. United States Parcel Service*, No. 1:00-CV-310 at pp. 34 (http://www.tned.uscourts.gov/opinions/collier/jrcv103651809223523.pdf) (Apr. 20, 2005) (modified); *Balmer v. HCA, Inc.*, 423 F.3d 606, 615 (6th Cir. 2005).

DEFENDANT'S FINAL PROPOSED JURY INSTRUCTION NO. 15

DAMAGES - IN GENERAL

The fact that I am instructing you on the proper measure of damages should not be considered as an indication that I have any view as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given only for

your guidance in the event that you should find that the plaintiff is entitled to damages in accord with the other instructions.

If you find in favor of Jane Turner on one or more of her claims, as explained in Final Jury Instruction No. ___, then you must award her such sum as you find by the greater weight of the evidence will fairly and justly compensate her for any damages that you find were proximately caused to her by the wrongful conduct at issue on that claim. An act is a proximate cause of damage if the act was a substantial factor in producing the damage and the damage would not have happened except for the act. A substantial act means that the act had such an effect in producing damage as to lead a reasonable person to regard it as a cause of the damage.

In arriving at an amount of damages, you cannot establish a figure by taking down the estimate of each juror as to damages and agreeing in advance that the average of those estimates shall be your award of damages. Rather, you must use your sound judgment based upon an impartial consideration of the evidence.

Remember, throughout your deliberations, you must not engage in any speculation, guess, or conjecture. You must not award damages under these Instructions by way of punishment or through sympathy. Your judgment must not be exercised arbitrarily, or out of sympathy or prejudice, for or against any of the parties.

You must award the full amount of damages that the plaintiff has proved by the greater weight of the evidence. However, the amount you assess for damages must not

exceed the amount proximately caused by the wrongful conduct of the defendant as proved by the evidence.

A plaintiff has a duty under the law to "mitigate" her damages--that is, to exercise reasonable diligence under the circumstances to minimize her damages. Therefore, if you find that the FBI has proved by the greater weight of the evidence that Ms. Turner failed to seek out or take advantage of an opportunity to reduce her damages that was reasonably available to her, then you must reduce her damages by the amount that she reasonably could have avoided if she had sought out or taken advantage of such an opportunity.

Attached to these Instructions is a verdict form, which you must fill out. In the Damages section of the verdict form, you should only award those damages, if any, that the plaintiff has proved by the greater weight of the evidence were proximately caused by the wrongful conduct of the defendant.

8th Cir. Civil Jury Instruction 5.02A. Modified (2005)

Judge Mark Bennet's Instructions in *Bunda v. United States Parcel Service*, No.C-03-3102
http://www.iand.uscourts.gov/iand/Instructions.nsf/67f0e7e421424991862566080078cb39/e70ea45e60713270862570bb0076fe06?OpenDocument

DEFENDANT'S PROPOSED FINAL JURY INSTRUCTION NO. 16
COMPENSATORY DAMAGES

If you find in favor of Jane Turner on one or more of her claims, and you find that the FBI has failed to prove its same decision defense, then you must award Jane Turner such sum as you find by the greater weight of the evidence will fairly and justly

compensate her for damages, if any, that you find were proximately caused by the FBI's wrongful conduct. Jane Turner seeks compensatory damages on her claims for emotional distress and medical expenses. You must consider each of these kinds of damages separately for each claim.

*1. Emotional distress damages.* Ms. Turner seeks damages for "emotional distress." Damages for emotional distress are the amount of damages that will reasonably compensate Ms. Turner for the emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life that was proximately caused by the wrongful conduct of the defendant at issue in a particular claim. Damages for emotional distress must compensate Ms. Turner for any emotional distress that she suffered from the time of the wrongful conduct until the time you give your verdict. The amount, if any, that you assess for damages for emotional distress cannot be measured by an exact or mathematical standard, and the plaintiff is not required to introduce evidence of the monetary value of such damages. However, you must use your sound judgment based upon an impartial consideration of the evidence to determine the amount of such damages.

Emotional distress damages proximately caused by *retaliation* are damages for emotional distress proximately caused by the defendant's unlawful conduct at issue in the claim alleging such wrongful conduct.

You may award damages for future emotional distress only if you find that the plaintiff's emotional distress proximately caused by the defendant's wrongful conduct is reasonably certain to extend into the future.

*Medical expenses*. Ms. Turner also seeks damages for past and future medical

expenses proximately caused by the wrongful conduct of the FBI. You may award damages for future medical expenses only if you find that the plaintiff's medical expenses proximately caused by the defendant's wrongful conduct are reasonably certain to extend into the future. Do not reduce any damages you may award for medical expenses by the amount paid by insurance, if any; instead, award the full amount of any such damages.

8th Cir. Civil Jury Instruction _______ (2005)
Modified

Judge Mark Bennet's Instructions in *Bunda v. United States Parcel Service*,
No.C-03-3102
http://www.iand.uscourts.gov/iand/Instructions.nsf/67f0e7e421424991862566080078cb39/e70ea45e60713270862570bb0076fe06?OpenDocument

DEFENDANT'S FINAL PROPOSED JURY INSTRUCTION NO. 17
EXEMPLARY DAMAGES NOT ALLOWABLE

You may not include in any award of damages to the plaintiff any exemplary damages that you might add to punish the defendant or to make an example of the defendant for the public good or to prevent other wrongdoing. Those damages would be punitive rather than compensatory. The law in this case does not authorize exemplary damages in this action.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| JANE A. TURNER, | ) | |
| | ) | |
| Plaintiff, | ) | No. 01-CV-1407 (JMR/FLN) |
| | ) | |
| vs. | ) | |
| | ) | |
| ALBERTO GONZALES, Director Federal Bureau of Investigation (FBI), | ) | VERDICT FORM |
| | ) | |
| | ) | |
| Defendant. | ) | |

On plaintiff Jane Turner's claim of retaliation we, the Jury, find as follows:

**Step 1:**

**Liability**

**(a) Proof of elements**. Has Ms. Turner proved all of the elements of her claim of retaliation as explained in Final Jury Instruction No.----- (*Unless Ms. Turner has proved all of the elements of her retaliation claim, you must enter your verdict at step 1(c) in favor of the FBI.*)

_____ Yes

_____ No

**(b) Proof of defense**. Has the FBI proved its "same decision" defense? (*If the FBI has proved its "same decision" defense, your verdict must be in favor of FBI*.)

_____ Yes

_____ No

**(c) Verdict**. On the claim of retaliation, as explained in Final Jury Instruction No.
___ in whose favor do you find? (*Your verdict will be for Ms. Turner if she has proved all of the elements of her claim and the FBI has failed to prove its "same decision" defense; otherwise, your verdict must be for the FBI on this claim*.)

_____ Ms. Turner

_____ The FBI

**PART 3:** If you have found in favor of plaintiff Jane Turner, then continue with Part II of this Verdict Form to award damages. However, if you found in favor of defendant FBI on *all* of Ms. Turner's claims, do not complete Part II of this Verdict Form. Instead, sign the Verdict Form and notify the Court Security Officer that you have reached a verdict.

**PART II: DAMAGES**

On the claim or claims on which plaintiff Jane Turner has prevailed, we, the Jury, award damages as follows:

**COMPENSATORY DAMAGES**

(*Please see Final Jury Instruction No.* ___.)

**AMOUNT**

**Step 1:**

Emotional distress damages

**Retaliation**

Past emotional distress $__________________

Future emotional distress $__________________

$__________________

**Step 2:**

**Retaliation** Past medical expenses $__________________

Future medical expenses $____________________

**Date**: __________________ **Time**:

Foreperson ___________________________________

Juror___________________________________

Juror___________________________________

Juror___________________________________

Juror___________________________________

Juror___________________________________

Juror___________________________________

Respectfully submitted,

JUDITH A. WHETSTINE
Acting United States Attorney

By: /s/ Martha A. Fagg

MARTHA A. FAGG
Assistant United States Attorney
600 4th Street, Suite 670
Sioux City, IA 51101
712-255-6011
712-252-2034 (fax)
martha.fagg@usdoj.gov

CERTIFICATE OF SERVICE

I certify that I mailed/electronically mailed/hand/ delivered a copy of the foregoing document to which this certificate is attached to the parties or attorneys of record, shown below, on January 10, 2007

UNITED STATES ATTORNEY

BY: s/ Carol McEntaffer

COPIES TO:

Stephen Kohn
Attorney at Law
3233 P Street, NW
Washington, D.C. 20007