UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
01-CV-1407 (JMR/FLN)

| | | |
|---|---|---|
| JANE A. T. TURNER, | ) | |
| | ) | |
| Plaintiff, | ) | **PLAINTIFF'S PARTIAL OPPOSITION TO DEFENDANT'S MOTION(S) IN LIMINE** |
| | ) | |
| v. | ) | |
| | ) | |
| ALBERTO GONZALES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Pursuant to the Final Pretrial Order, paragraph 5 and Local Rules 1.1 and 7.1, Plaintiff, Jane Tuner, hereby submits her Partial Opposition to Defendants' Motion(s) in Limine and a proposed order to the Court.

Plaintiff notes that Defendants filed at least 4 Motions in Limine in one 7 page document and otherwise did not comply with this Court's Final Pretrial Order in regard to the form of the Motions in Limine. In order to adequately respond to the Defendants' Motion(s) in Limine, Plaintiff's opposition is filed in a similar format. In accordance with the Final Pretrial Order, the opposition to each Motion in Limine does not exceed 3 pages.

## ARGUMENT

### I. TESTIMONY REGARDING "WHISTLEBLOWING ACTIVITIES"

As set forth in Plaintiff's Motion in Limine to Exclude Evidence Concerning Performance Issues after May, 2000, the post-transfer performance issues are not relevant to this case. Consistent with that position, Plaintiff agrees with the Defendants' Argument I, i.e. that evidence related to Ms. Turner's post-transfer whistleblowing would not be relevant to this

proceeding. *See, Turner v. Gonzales*, 421 F.3d 688, 698, n.2 (8th Cir. 2005)[1].

In this regard, it would be disingenuous for either party to argue for the admission of post-transfer evidence that is favorable to their respective client, while simultaneously attempting to exclude post-transfer evidence that may not be favorable to their client.

Consequently, Plaintiff does not oppose Defendants' Motion in Limine Argument No. I, provided that the rule of exclusion is uniformly applied to all post-transfer issues, not just those issues which may increase the credibility of the Plaintiff.

## II. DEFENDANTS' REQUEST TO EXCLUDE THE TESTIMONY OF HOCHHALTER AND MORLEY SHOULD BE DENIED

The FBI asserts that the testimonies of Assistant United States Attorneys Clare Hochhalter and Jan Morley should be excluded because they "do not work for the FBI" and their "opinions on Turner's performance stem entirely from observations of her work apart from internal FBI matters." Def. Mtn. in Limine at 3, 5-6.

This argument has no merit, as the FBI did not base its decision to downgrade and transfer Ms. Turner only on "internal FBI matters." The FBI alleged that Ms. Turner had numerous case-related and liaison -related performance failures which justified the adverse action. For example, in its discussion of the FBI inspection report (which was used, in part, to justify the adverse action at issue in this case), the 8th Circuit explicitly noted the relevance

[1] The Proposed Order assumes that both the Defendants' and the Plaintiff's Post Transfer motions in Limine are denied. I.e. Defendants' first Motion in Limine - All Testimony Regarding Turner's Whistleblowing Activities and Pending Whistleblower Litigation against the FBI should be Precluded and Plaintiff's Third Motion in Limine to Exclude Evidence Concerning Performance Issues After May, 2000.

of testimony of the "prosecutorial personnel that [Ms. Turner's] work was generally outstanding and showed no decline during the 1998-99 time period." *Turner*, 421 F.3d at 693. The prosecutorial witnesses referenced by the Court are the very two individuals whose testimony the FBI now seeks to exclude (Clare Hochhalter and Jan Morley).

The Court of Appeals further analyzed the testimony of the two AUSAs (and other relevant officials) and explicitly recognized the relevance of that testimony in Jane Turner's retaliation case. The Court found that this testimony was relevant to the critical issue of demonstrating that the "proffered justification" for the FBI's adverse actions were pretextual:

> "Federal agents … and Assistant United States Attorneys who worked closely with Turner averred that she did not commit the specific procedural errors alleged in the inspection report, that historically her work was outstanding, and that her performance showed no decline during the 1998-99 time period.
>
> "We conclude that Turner produced rebuttal evidence sufficient to raise a genuine issue of material fact regarding the FBI's proffered justification for the adverse employment actions."
>
> *Turner*, 421 F.3d at 698-9 (8th Cir. 2005).

The Court was once again referencing the testimony of Mr. Hochhalter and Ms. Morely (the only two ASUA's whose testimony was presented to the 8th Circuit) when they issued this holding.

For the reasons stated hereto, Defendants' Motion in Limine Argument II should be denied.

**III. DEFENDANTS' REQUEST TO LIMIT THE TESTIMONY OF TONY**

**ONSTEAD SHOULD BE DENIED**

Citing the same reasons as it did for excluding the testimonies of AUSAs Hochhalter and Morely (that he does not work for the FBI and cannot evaluate Ms. Turner on internal FBI performance, see Def. Mtn. in Limine at 5-6), the FBI also argues the Court should exclude all testimony from U.S. Customs Special Agent Tony Onstead regarding his working relationship with Ms. Turner and only allow him to testify regarding the observations he made during a single meeting with Ms. Turner and local law enforcement.

This request should be denied for the same reasons as the FBI's request to exclude testimony from AUSAs Hochhalter and Morely. As with the two AUSAs, SA Onstead is a "Federal Agent" who was working at a "law enforcement agency" and had a working relationship with Ms. Turner during the relevant period. As such his testimony would be of central importance to her claim that the FBI's actions against her were retaliatory. The U.S. Court of Appeals for the Eight Circuit similarly recognized the importance of his testimony to Ms. Turner's case, noting that:

> "… Turner introduced rebuttal evidence from a U.S. Customs agent who was present with her at the time these mistakes allegedly occurred. The [U.S. Customs] agent avers that Turner engaged in no questionable or unprofessional conduct and behaved as 'the epitome of an FBI agent' at all times in question…" Turner, 421 F.3d at 698.

Additionally, Mr. Onstead was one of the "federal agents" referenced by the 8th Circuit in discussing the pretext aspect of the claim:

> "Federal Agents… who worked closely with Turner averred that she did not commit the specific procedural errors alleged in the inspection report, that historically her work was outstanding, and that her performance showed no

decline during the 1998-99 time period." Turner v. Gonzales, 421 F.3d 688, 698-9 (8th Cir. 2005).

For the reasons stated hereto, Defendants' Motion in Limine Argument III should be denied.

## IV. DEFENDANTS' REQUEST TO EXCLUDE ALL TESTIMONY PERTAINING TO MS. TURNER'S ALLEGATIONS OF SEX DISCRIMINATION AND GENDER-BASED HOSTILE WORK ENVIRONMENT SHOULD BE DENIED

The FBI argues that the "doctrine of the law of the case" bars Ms. Turner from introducing in the present action "all testimony and evidence pertaining" to her sex discrimination and hostile work environment claims.

Had the FBI stipulated to the fact that Ms. Turner engaged in protected activity, this argument may have had some force. However, without such a stipulation, Ms. Turner must explain the basis of her EEO complaint and her "opposition" activity in order to demonstrate reasonable protected activity.

Ms. Turner has no interest in litigating the merits of her original sex discrimination claims. However, limited testimony on these claims is necessary, not to demonstrate that there was discrimination, but to demonstrate both the context in which her protected activity arose, the reasonableness of her protected activity and potential circumstantial evidence of animus.

The FBI further attempts to argue that allowing unrestricted testimony would "divert this case into mini-trials about the male agents' actions and what actually occurred." Def. Mtn. in Limine at 7. This argument has no merit. The threshold for introducing evidence at

trial is relevance. The idea that introducing extremely limited and relevant evidence on the question of the protected activity in this case would somehow spiral out of control into a series of "mini-trials" strains credulity.

Even more mysterious is the FBI's assertion that "[i]f the Court allows unrestricted testimony about the Vigestad, Charette and Froistad cases – as Defendant expects Turner to provide -- the FBI should be allowed to put before the jury the fact that the Eight Circuit rejected on appeal Turner's allegations of sex discrimination and gender-based hostile work environment." Def. Mtn. in Limine at 6.

Ms. Turner's introduction of relevant testimony on these cases is wholly unrelated to the issue of whether the FBI in fact engaged in sex discrimination. Those three cases were directly or indirectly used as part of the basis for downgrading Ms. Turner's performance ratings and transferring her. Again, the 8th Circuit directly noted that both the Vigestad and Froistad cases were referenced in the inspection report as case-specific examples used by the FBI in justifying the transfer. *Turner*, 421 F.3d at 693. Although not directly cited in the inspection report, the Charette case was cited to in some of the other negative performance reviews issued by the FBI in 1999. The accuracy of these reviews is not only core to the case, but clearly relevant to a variety of issues, from demonstrating pretext to demonstrating intentional discrimination. *See, Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 120 S.Ct. 2097 (2000)("We recognized that evidence that a defendant's explanation for an employment practice is 'unworthy of credence' is 'one form of *circumstantial evidence* that is probative of intentional discrimination.'" (Internal citations omitted)); and *Desert Palace*

*Inc. v. Costa*, 539 U.S. 90, 123 S.Ct. 2148 (2003)("… it is *permissible* for the trier of fact to infer the ultimate fact of discrimination from the falsity of the employer's explanation.").

It is simply impossible for Ms. Turner to demonstrate that "she did not commit the specific procedural errors alleged in the inspection report" and that her performance did not "decline," without some discussion of the cases in which the FBI has alleged – with documentation already stipulated into evidence – that Ms. Turner committed serious errors. *Turner*, 421 F.3d at 699.

For the reasons stated hereto, Defendants' Motion in Limine Argument IV should be denied.

**CONCLUSION**

Except for evidence related to post-transfer protected activity/performance problems, Defendants' Motion(s) in Limine should be denied in their entirety.

Respectfully submitted,

/s/ Stephen M. Kohn____
STEPHEN M. KOHN, Attorney at Law
Kohn, Kohn & Colapinto, LLP
3233 P Street, NW
Washington, D.C. 20007
202-342-6980

January 16, 2007