**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| JANE TURNER, Plaintiff, | Civil Action No. 01-1407 JMR/FLN |
| v. | **PLAINTIFF, JANE TURNER'S PARTIAL OPPOSITION TO DEFENDANT'S PROPOSED JURY INSTRUCTIONS** |
| ALBERTO GONZALES, ET AL. Defendants. | |

Plaintiff, Jane Turner, by and through counsel, hereby files the following partial objection to the proposed jury instructions of Defendants Alberto Gonzales, et al (FBI). These partial objections are designed to facilitate the review and approval of the final instructions for this case.

**PLAINTIFF'S CONSENT TO DEFENDANT'S PROPOSED JURY INSTRUCTIONS NOS. 2, 11, 13, 15, AND 17**

Plaintiff has no objection to Defendant's proposed preliminary jury instruction Nos. 2, 11, 13, 15, and 17. Plaintiff partially or fully objects to each of Defendant's other proposed jury instructions as described below.

**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S PROPOSED PRELIMINARY JURY INSTRUCTION NO. 1**
STATEMENT OF THE CASE

Plaintiff objects to Defendant's Proposed Preliminary Jury Instruction No. 1 in its entirety. The November 22, 2006 Final Pretrial Order required each party to submit their

statement of the case by the December 15, 2006. Without good cause, any statement of the case filed after this deadline is late. Defendant has given no good cause for submitting a statement of the case after the deadline and it is therefore invalid and should be stricken.

**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S PROPOSED PRELIMINARY JURY INSTRUCTION NO. 3**

ALL PERSONS EQUAL BEFORE THE LAW

Plaintiff objects to this instruction on the grounds that it is overly one-sided by instructing the jurors how to treat the FBI by name without a corresponding instruction on how to treat Ms. Turner. Plaintiff's Proposed Jury Instruction #1 is more balanced and thus more appropriate. However, Plaintiff will consent to this instruction with the following changes:

> "This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. The fact that the FBI is a federal agency **and Ms. Turner is a private individual** should not affect your decision at all…"

**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S PROPOSED PRELIMINARY JURY INSTRUCTION NO. 4**

ELEMENTS OF THE CLAIM

Plaintiff has no general objection to including an overview of the elements of her claim as a jury instruction. However, Plaintiff objects to Defendant's proposed instruction on the grounds that it is insufficient. In particular, Defendant's instruction states that the first element of Plaintiff's retaliation claim is a showing that "Jane Turner

opposed or complained about conduct she reasonably believed was an unlawful employment practice." Similarly, Defendant's instruction states that the third element includes "opposition to or complaints about unlawful employment practices…"

These descriptions are insufficient because they ignore the fact that filing an EEO complaint is also protected activity as noted in 8th Cir. Civil Jury Instr. 5.61 (2005) and so should be included in the instruction. However, Plaintiff will consent to this instruction with the following changes:

> "*One*, ~~Jane Turner opposed or complained about conduct she reasonably believed was an unlawful employment practice~~ **Ms. Turner engaged in "protected activity" (activity protected under federal law). Protected activities include filing an Equal Employment Opportunity (EEO) complaint and either opposing or complaining about conduct she reasonably believed constituted retaliation, harassment, or discrimination;**" …
>
> "*Three,* Jane Turner's ~~opposition to or complaints about unlawful employment practices were~~ **protected activity** was a motivating factor…"

**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S PROPOSED FINAL JURY INSTRUCTION NO. 5**
ELEMENTS OF RETALIATION

Plaintiff objects to this instruction for the same reasons that she objected to Defendant's proposed instruction no. 4. With respect to the first element of a retaliation claim, Defendant ignores the fact that simply filing an EEO complaint, whether founded

on reasonable belief or not, is an actionable protected activity. *See* 8th Cir. Civil Jury Instr. 5.61 (2005). Plaintiff contends that her Proposed Jury Instruction #2, which more accurately mirrors the Model Instructions and more clearly explains the jurors' task is superior and should be used in lieu of Defendant's instruction. *See* 8th Cir. Civil Jury Instr. 5.60 – 5.62 (2005).

**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S PROPOSED FINAL JURY INSTRUCTION NO. 6**
SAME DECISION DEFENSE

Plaintiff objects to this instruction on the grounds that it ignores the fact that Plaintiff need only prove one of her retaliation claims in order to prevail. Should Plaintiff do so, the FBI must then prove its "same decision" defense for each successful claim, not just for one of them as is implied by the language of Defendant's instruction. The potential confusion here is highly prejudicial to Plaintiff as it is possible that jurors using this instruction, having determined that Plaintiff has prevailed on only one of her claims because the FBI proved this defense with respect to the other, might mistakenly enter a verdict against her believing that that defense was sufficient. However, Plaintiff will consent to this instruction with the following changes:

> "If Ms. Turner proves all of the elements of **any of** her retaliation claim**s**, then you must consider whether the FBI has proved, by the greater weight of the evidence, that it would have made the same decisions about its actions towards Ms. Turner or the conditions of her employment regardless of her

complaints. If the FBI proves this defense, then you must enter your verdict in favor of the defendant."

**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S PROPOSED FINAL JURY INSTRUCTION NO. 7**

ADVERSE EMPLOYMENT ACTION – GENERAL

Plaintiff objects this instruction on the grounds that it does not accurately apply the *Burlington v. White* rule. In this case the U.S. Supreme Court stated that the anti-retaliation of the Civil Rights Act of 1964:

> "… covers only those employer actions that would have been materially adverse to a reasonable employee or applicant… the proper formulation requires a retaliation plaintiff to show that the challenged action well might have dissuaded a reasonable worker from making or supporting a charge of discrimination… The anti-retaliation provision seeks to … [prohibit] employer actions that are likely to deter discrimination victims from complaining to the EEOC, the courts, and employers. " *See Burlington Northern & Sante Fe Co. v. White*, 126 S. Ct. 2405, 2415 (2006) [internal quotes omitted].

The unambiguous meaning of this rule is to provide an <u>alternative</u> to the 8th Circuit's definition of adverse action rather than create an additional requirement as implied by the Defendant's instruction. However, Plaintiff would consent to this instruction with the following changes:

"… a tangible change in duties or working conditions that constitute a material employment disadvantage ***or*** **that might well have dissuaded a reasonable employee from making or supporting a charge of discrimination.** ~~An adverse employment action must be materially adverse in that it would dissuade a reasonable worker from making or supporting a~~

~~charge of discrimination.~~ **Adverse actions may include such actions as reducing the plaintiff's duties or responsibilities, disciplinary action, negative personnel reports, or requiring remedial training.**" *See* 8th Cir. Civil Jury Instr. 5.60 (2005).

**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S PROPOSED FINAL JURY INSTRUCTION NOS. 8-10**

These instructions deal with the particular elements of Plaintiff's retaliation claim. Plaintiff objects to all of these instructions in their entirety on the grounds that they inaccurately present the law, are overly one-sided, and that Plaintiff's instructions are closer to the Model Instructions. In particular, Plaintiff objects to Defendant's characterization of Plaintiff's activity as "opposition to discrimination." In contrast, Plaintiff's Proposed Instructions #2-7 use language like "protected activities" or "filing a complaint," which is more neutral and accurate and thus more appropriate.

Plaintiff also objects to the fact that, while Defendant has specific instructions regarding the adverse action and motivating factor elements of Plaintiff's retaliation claim, it does not have an instruction for protected activity, nor do the existing instructions accurately describe which activities are protected. Defendant's instructions also fail to correctly apply the adverse employment test set forth in *Burlington v. White,* 126 S. Ct. at 2415, or in fact even apply it at all. Plaintiff, on the other hand, dedicates an entire instruction to each matter.

Finally, Defendant's instructions, by addressing each element of Plaintiff's retaliation claim in a separate instruction, deviate from both the form and language of the

8th Circuit Civil Instructions. Plaintiff's instructions follow the Model Instructions much more accurately and for this and the above reasons, the Court should accept Plaintiff's proposed instructions #2-7 in lieu of Defendant's instructions nos. 8-10. *See* 8th Cir. Civil Jury Instr. 5.60 – 5.62, 9.04 (2005).

**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S PROPOSED FINAL JURY INSTRUCTION NO. 12**

LEGITIMATE, NON-RETALIATORY REASONS FOR EMPLOYMENT DECISION

Plaintiff objects to this instruction on the grounds that it is needlessly redundant and misleading. Plaintiff only needs to show that her protected activity was *a* reason, not *the* reason for the adverse employment action. Furthermore, this instruction is not addressed by the 8th Cir. Civil Jury Instructions, and its contents are have already been directly addressed by Defendant's proposed instruction no. 13, to which Plaintiff has consented. For this reason the Court should strike this instruction entirely.

**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S PROPOSED FINAL JURY INSTRUCTION NO. 14**

MERE PROXIMITY IN TIME

Plaintiff objects to this instruction on the grounds that it mischaracterizes the law. Defendant's instruction states that "[m]ere proximity in time is not enough to demonstrate retaliation." However, as the 8th Circuit noted in *Turner v. Gonzales*, "A plaintiff can establish a causal connection between his complaints and an adverse action through circumstantial evidence, such as the timing of the two events… In this case, the timing of Turner's performance rating downgrade strongly supports an inference of causation." 421 F.3d at 697-8. To admit an instruction that deliberately downplays the

significance of timing would be highly prejudicial to Plaintiff and for this reason Plaintiff contends that this instruction should be stricken.

**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S PROPOSED FINAL JURY INSTRUCTION NO. 16**
COMPENSATORY DAMAGES

Plaintiff objects to this instruction on the grounds that it is insufficient. Defendant's instruction limits emotional distress damages to "emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life" and "medical expenses." Plaintiff's Proposed Instruction #12, on the other hand, draws on the more open-ended language used in 8th Cir. Civil Jury Instructions 5.02A, fn 8 and 8.81 (2005). Plaintiff's proposed instruction #12 more accurately presents the law and as such should be used in lieu of Defendant's proposed instruction no. 16.

**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S PROPOSED VERDICT FORM**

Plaintiff objects to Defendant's proposed verdict form on the grounds that it does not provide jurors with the opportunity to enter their verdict/damages on each separate instance of claimed retaliation. Plaintiff only needs to show that the FBI retaliated against her in one instance to prevail in her retaliation claim, but Defendant's proposed form makes it appear that she needs to prevail on all counts in order to receive damages. The potential confusion here is highly prejudicial to Plaintiff as it is possible that jurors using this form, having determined that Plaintiff has prevailed on only one of her claims, might mistakenly enter a verdict against her believing that she needed to prevail on every claim. Plaintiff's proposed verdict form is much more straightforward and clear-cut. As

such Plaintiff's proposed verdict form should be used in lieu of Defendant's proposed form.

Respectfully submitted,

_______/s/ Stephen M. Kohn____
Stephen M. Kohn, DC Bar #411513
KOHN, KOHN & COLAPINTO, LLP
3233 P Street, N.W.
Washington, DC 20007
(202) 342-6980

______/s/Robert Hill____________
Robert Hill and Associates
The IDS Center, Suite 825
80 South 8th Street
Minneapolis, MN 55402
(612)376-0017

Attorneys for the Plaintiff

Dated: January 10, 2007