UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
01-CV-1407 (JMR/FLN)

| | | |
|---|---|---|
| JANE A. T. TURNER, | ) | |
| | ) | |
| Plaintiff, | ) | **PLAINTIFF'S PARTIAL** |
| | ) | **OBJECTION TO THE** |
| | ) | **JOINT AGREED** |
| | ) | **STATEMENT** |
| | ) | **OF DEPOSITION** |
| | ) | **TESTIMONY OF** |
| ALBERTO GONZALES, *et al*., | ) | **RICHARD WALDIE** |
| Defendant. | ) | |
| | ) | |

Pursuant to this Court's Final Pretrial Order dated November 11, 2006, as modified on December 20, 2006, the Plaintiff, Jane Turner, by and through counsel, hereby files the following objection to the use of the deposition testimony of RICHARD WALDIE:

Plaintiff has no objection the first six (6) paragraphs of the testimony of Richard Waldie, submitted to the Court on January 22, 2007. See, Joint Agreed Statement of Testimony, Richard Waldie.

Plaintiff does object to all of the remaining testimony, i.e. paragraphs 10-end. [1] The grounds for this objection are as follows:

> Pursuant to Federal Rules of Evidence 401, 402 and 403, and as set forth in Plaintiff's Motion in Limine to Exclude Evidence Concerning Performance Issues After May 2000 of Jane Turner, Plaintiff hereby objects to this testimony.

---

1 Paragraph 7 of the Joint Agreed Statement of Testimony for Mr. Waldie begins with the sentence "Once he started working with Ms. Turner . . . . " Plaintiff's objection includes this sentence and all of the remaining testimony set forth in the Joint Agreed Statement.

Additionally, litigation of post-transfer issues is immaterial, irrelevant, and inconsistent with the Court's holding in *Turner v. Gonzales.*

> The FBI also attempts to rely on incidents that occurred in Minneapolis after Turner began work there in May 2000. These incidents cannot justify either the June 1999 performance rating downgrade or the December 1999 decision to transfer Turner.
>
> *Turner*, 421 F.3d 688, 698, n. 2 (Minn. 2005).

The FBI attempted to litigate the post-transfer performance issues during the summary judgment phase of this case. This approach was soundly rejected by the Court of Appeals. A review of the objectionable testimony presented by the FBI, through the deposition of Mr. Waldie, provide further evidence as to why the 8Th Circuit's opinion on this matter was sound. The FBI is attempting to introduce evidence on matters which are clearly irrelevant and tangential to this case, such as with whom Jane Turner drank coffee with in Minneapolis. *See*, Waldie Testimony, pp. 8-9.

Respectfully submitted,

/s/ Stephen M. Kohn

Stephen M. Kohn,
KOHN, KOHN & COLAPINTO, LLP
3233 P Street, N.W.
Washington, D.C. 20007
(202) 342-6980
Attorney for Plaintiff

January 22, 2007