UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
01-CV-1407 (JMR/FLN)

JANE A. T. TURNER,

Plaintiff,

v

ALBERTO GONZALES, *et al.*,
Defendant.

**PLAINTIFF'S PARTIAL OBJECTION TO THE DEFENDANT'S EXHIBITS AND AMENDED EXHIBIT LIST**

On Jan. 19, 2007 Defendants filed an Amended Exhibit List (Docket Entry 118), which substantially changed the previously filed list of exhibits. The parties have had an opportunity to discuss stipulations concerning the admission of exhibits, and the Defendants will be informing the Court of the agreements reached between the parties. In accordance with this Court's Final Pretrial Order, Plaintiff objects to the admission of the following exhibits.

**OBJECTIONS TO EXHIBITS 76a, 76b, 85, AND 93**

**Defendants' Exhibit #s 76a and 76b: Welken drop file – Liaison complaints re: Turner January 1999 thru November 1999; Welken drop file – Welken Squad Reminders re: FBI Procedures**

Plaintiff objects to these exhibits on the grounds that they are untimely filed and hearsay. Additionally, some of the documents are not properly authenticated per Fed. R. Evid. 901. As Plaintiff pointed out in her initial objection to this exhibit, a drop file could potentially contain virtually anything that a supervisor "dropped" into it, none of which would be subject to independent review or otherwise corroborated/authenticated.

Furthermore, because there is no requirement that documents placed in a drop file be created contemporaneously with the events to which they refer, a supervisor could "document" observations about a subordinate's conduct months after it occurred in order to manufacture a paper trail to justify an employment action or for use in litigation.

Finally, in addition to the objections listed above, Plaintiff objects in particular to page 35 of Exhibit # 76a and all of Exhibit # 76b. These documents are typewritten emails that are clearly not handwritten "drop file" notes and appear nowhere else on Defendant's Dec. 15 exhibit list. As such, they can only constitute new exhibits and thus must be excluded as untimely filed.

**Defendants' Ex. # 85**: **Minnesota Division Inspection Report**

Pursuant to Fed. R. Evid. 106, Plaintiff objects to this exhibit because it is not the complete document, and it provides insufficient information for her to create an adequate response or prepare potential cross-examination. This exhibit consists of a heavily redacted eight page excerpt from a report that is at least 57 pages long that provides virtually no information that would be useful for preparing questions for witnesses that may be called to testify as to its contents. Upon receipt of a complete, unredacted report, Plaintiff will withdraw this objection.

**Defendants' Exhibit # 93: 7-9-01 Letter Turner to Grey**

Plaintiff objects to this exhibit for the reasons set forth in Plaintiff's Motion in Limine to Exclude Evidence Concerning "Fitness for Duty" Allegations and Plaintiff's

Motion in Limine to Exclude Evidence Concerning Performance Issues After May 2000 of Jane Turner.

Respectfully submitted,

_______/s/ Stephen M. Kohn____
Stephen M. Kohn, DC Bar #411513
KOHN, KOHN & COLAPINTO, LLP
3233 P Street, N.W.
Washington, DC 20007
(202) 342-6980

______/s/Robert Hill__________
Robert Hill and Associates
The IDS Center, Suite 825
80 South 8th Street
Minneapolis, MN 55402
(612)376-0017

Attorneys for the Plaintiff

Dated: January 23, 2007