U.S. Department of Justice

United States Attorney
Northern District of Iowa

*Mailing and Shipping Address:*
*600 Fourth Street, Suite 670*
*Sioux City, IA 51101*

*(712) 255-6011*
*FAX (712) 252-2034*
*TTY (712) 258-4761*

February 20, 2007

**By Telefacsimile: (612) 664-5054**

Honorable James M. Rosenbaum
Chief Judge, United States District Court
for the District of Minnesota
United States Courthouse, Suite 15E
Minneapolis, Minnesota 55415

RE: Jane A.T. Turner v. Alberto Gonzales, Civil Action No. 01-CV-1407 (JMR/FLN)

Dear Chief Judge Rosenbaum:

On behalf of Alberto Gonzales, defendant in the above-referenced action, this letter is written to request permission under Local Rule 7.1 (g) to file a Motion for Reconsideration of Defendant's Oral Motion for Judgment as a Matter of Law under Federal Rule of Civil Procedure (Rule) 50. Defendant seeks to have the jury's verdict that the June 1999 file review/Performance Summary Assessment of "Minimally Acceptable" constituted prohibited retaliation under Title VII and the award of monetary relief to plaintiff set aside as contrary to law.

**Statement of Facts**

Trial began in this case on Wednesday, January 24, 2007. At the close of plaintiff's case on Friday morning, January 26, defendant orally moved for a directed verdict under Rule 50(a). The Court responded that it would hear detailed argument on the motion later and take defendant's motion under advisement. Defendant then began presenting his case; however, the Court recessed the trial earlier than scheduled on Friday afternoon, due to illness. The trial remained in recess until Thursday, February 1. At the close of all evidence that day, defendant again orally moved under Rule 50(a) for judgment as a matter of law, which the Court denied without hearing argument from the parties. Following return of the verdict on Monday, February 5, defendant orally moved for judgment as a matter of law under Rule 50(b), which the Court again denied without hearing argument.

SCANNED
FEB 27 2007
U.S. DISTRICT COURT MPLS

**Argument Supporting Reconsideration**

In seeking reconsideration, defendant respectfully requests the Court consider the following:

1. Defendant has never had the opportunity to submit detailed argument supporting its motion for judgment as a matter of law. In response to defendant's initial oral Rule 50 motion, the Court instructed that it would hear detailed argument later. The Court did not schedule oral argument or request written submissions on the motion at any later time during the proceedings. Defendant requests that the Court grant reconsideration of defendant's Rule 50 motion in order that detailed argument be considered and the record be perfected for appeal. Defendant notes that, after remand of this case from the Eighth Circuit and reassignment from Judge Montgomery, there was no pre-trial summary judgment memorandum of law to provide the Court and plaintiff with notice of defendant's legal position regarding the June 1999 PSA issue. See Walsh v. National Computer Systems, 332 F.3d 1150, 1159 (8th Cir. 2003).

2. The June 1999 PSA did not constitute an adverse employment action as a matter of law. As the Eighth Circuit recognized in Turner v. Gonzales, 421 F.3d 688, 696 (8th Cir. 2005), a poor performance rating does not in itself constitute an adverse employment action because it has no tangible effect upon the recipient's employment and is actionable only where the employer subsequently uses the evaluation as a basis to detrimentally alter the terms and conditions of the employee's employment (citations omitted). The parties stipulated and James "Chip" Burrus testified that, within the FBI, the PSA is an interim evaluation accompanying the agent's routine 90-day file review, designed to give on-going feedback about the strengths and weaknesses of the agent's work. Agreed Exhibit (AEx.) 1 at 8. The PSA does not become part of the employee's official personnel file. Under civil service rules, the PSA is not considered the rating of record. It therefore cannot serve as the basis for salary changes, promotions, or other performance-based actions. Id. at 11. Without an adverse action, there cannot be a finding of retaliation and an award of monetary relief as a matter of law

3. The jury's award of lost wages and compensatory damages should be vacated as a matter of law. The parties stipulated that the June 1999 PSA cannot serve as the rating of record for granting or denying a Within-Grade Increase (WIGI) in salary. AEx. 1 at 11-12. The parties also stipulated that when she got the June 1999 PSA, plaintiff had served only seven months of the three years time in grade required for her next WIGI. Id. Plaintiff herself testified that she lost no salary due to the June 1999 PSA. In April 2000, plaintiff received a "Fully Successful" Performance Appraisal Report (PAR), see AEx. 3, which was a rating of record under civil service rules. See AEx. 3. At that point, plaintiff had only to maintain the "Fully Successful" PAR over the annual PAR evaluation periods until November 2001, her next WIGI eligibility date. Therefore, no reasonable jury could base an award of lost wages on the June 1999 PSA.

For these reasons, defendant respectfully requests that the Court reconsider its denial of defendant's oral Rule 50 motion and enter a schedule allowing the parties to fully brief the issues.

Sincerely,

MATT DUMMERMUTH
United States Attorney

By: [signature]
Martha A. Fagg
Assistant United States Attorney

maf/maf

cc:

Stephen Kohn