**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**01-CV-1407 (JMR/AJB)**

| | | |
|---|---|---|
| **JANE A. T. TURNER,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**ALBERTO GONZALES, ATTORNEY GENERAL, U.S. DEPARTMENT OF JUSTICE,**<br><br>**Defendants.** | ) | **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR AN EXTENSION OF TIME IN WHICH TO RESPOND TO PLAINTIFF'S PETITION FOR ATTORNEYS' FEES AND COSTS** |

Plaintiff Jane Turner, by and through her undersigned counsel, hereby opposes the Defendants' request for a fourteen (14) day extension of time in which to file their response to Ms. Turner's Motion for Award of Attorneys' Fees and Costs. As set forth below, the FBI failed to set forth good cause for the enlargement, the motion violates the intent behind Local Rule 54.3 and granting the enlargement would be prejudicial to Ms. Turner.

## FACTUAL BACKGROUND

On April 2, 2007 this Court issued its final Amended Judgment in the above-captioned case, rejecting the FBI's motions for a new trial and judgment notwithstanding verdict and issuing a final judgment on behalf of Ms. Turner. As the Defendant was fully aware, under the Civil Rights Act of 1964, *as amended*, Ms. Turner was entitled to her attorneys' fees and costs in accordance with 42 U.S.C. section 1988.

The Local Rules of this Court require that petitions for attorneys' fees and costs, under statutes such as section 1988, be ruled upon "promptly after a determination of the case on the merits," as such prompt adjudication permits a court to review the matter while the "memory of

the work of the lawyers is fresh" and "facilitates appellate consideration of the whole controversy." 1991 Advisory Committee's Note to LR 54.3.

Although Local Rule 54.3 permitted Ms. Turner's attorneys to file their fee petition "30 days" after the judgment in this case, the petitions were promptly filed on April 5, 2007, within *three* days of the final judgment. On May 10, 2007, after the fee petition had been pending with the FBI for over one month, this Court *granted* the FBI's request to set a deadline of June 1, 2007 for the filing of their opposition.

Jane Turner has a strong interest in having the fee dispute promptly resolved. The FBI aggressively litigated this dispute, and Ms. Turner paid approximately $100,000.00 out of her own pocket to meet the fee requests of her prior attorneys and to pay the numerous costs associated with this matter. Ms. Turner's compelling interest in ensuring that the fee dispute is decided quickly is highlighted by her legitimate need to have the reimbursement and payment issued expeditiously resolved. The expert medical trial testimony demonstrated that the prolonged nature of this dispute is detrimental to Ms. Turner's well being. A prompt resolution of the fee issue - especially in light of Ms. Turner's concerns over her large attorney fee bills and her substantial out-of-pocket outlays - is in the public interest.

On May 31, 2007, on the eve on which their response was due, the FBI filed a request for a fourteen day enlargement. In support of this motion the FBI simply stated that, due to the "press of work on other cases" their response to the fee petition was "interrupted." No specifics were given.

**ARGUMENT**

I. AS A MATTER OF LAW THE FBI HAS FAILED TO SET FORTH

SUFFICANT "CAUSE" FOR THEIR MOTION

In accordance with Federal Rule of Civil Procedure 6(b), for "cause" shown, a court may enlarge the amount of time a party has to respond to a filing deadline. In other words, "cause must be shown before an enlargement of time is granted." *Baicker-McKee, et al., Federal Civil Rules Handbook*, 2007 (Thompson West, 2007), p. 260, N. 22. It is well settled that district courts have the "power to establish reasonable times" for court filings, and that if those "deadlines were not met, the court had the discretion to dismiss all or part of the suit." *Grandson v. University of Minnesota*, 272 F.3d 568, 574 (8th Cir. 2001). In "exercising discretion regarding enlargements of time, courts should be mindful that the rules are 'intended to force parties and their attorneys to be diligent.'" *Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996); *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990) ("delays are a particularly abhorrent feature of today's trial practice. They increase the cost of litigation, to the detriment of the parties . . . .").

In regard to requests for enlarging filing deadlines based solely on generalized statements that an attorney has a busy work schedule, courts have routinely found that such explanations do not warrant enlarging filing deadlines. *See, e.g. Pinero v. Federal National Mortgage Association*, 574 F.2d 1117, 1118 (1st Cir. 1978) ("Most attorneys are busy most of the time and they must organize their work so as to be able to meet the time requirements of matters they are handling or suffer the consequences").

In cases in which a client was represented by a "solo practitioner" and requested additional time based on his "busy practice" and the needs of "other cases," the 11th Circuit denied the request for an enlargement. *McLaughin v. City of La Grange*, 662 F.2d 1385, 1387-

88 (11th Cir. 1981). *See also*, *Cordero v. Wal-Mart*, 440 F.3d 531, 533 (1st Cir. 2006) (enforcing deadlines that are "difficult for lawyers to meet"). Courts have routinely held that merely asserting a "busy workload" did not justify the sought-after enlargement of time. *Stringfellow v. Brown*, 1997 WL 8856, p. 2 (10th Cir. 1997). *Also see, Wilkerson v. Jones*, 211 F.Supp.2d 856, 859 (E.D. Mich. 2002) ("A lawyer's busy workload is entitled to very little weight"); *McIntosh v. Antonino*, 71 F.3d 29, 38 (1st Cir. 1995) ("Litigants cannot expect that courts will dance to their every tune, granting extensions on demand to suit lawyers' schedules").

In this case, the FBI failed to explain why they needed additional time. Their conclusory allegation that the "press of work on other cases" is simply not sufficient. What other cases? Were enlargements sought and denied in those cases? Could other attorneys have filled-in?

The FBI is currently represented by two large firms - the FBI's Office of General Counsel (Colleen Grzeskowiak) and the U.S. Attorneys Office for the District of Iowa. At trial, the FBI had *three* attorneys representing its interests. It is simply not credible that both of these firms, and all three attorneys representing the FBI, were all somehow unable to work on a response to a fee petition falling due on a very generous deadline requested by the FBI itself.

Moreover, the FBI completely failed to explain why it needed more time. Although two petitions were filed (i.e. one for Ms. Turner's current attorneys and one for her former attorneys), the information in these petitions is completely standard: affidavits setting forth reasonable rates, information concerning case costs and information concerning the hours of work performed. The attorneys for the FBI, specifically Ms. Grzeskowiak, have been involved in this matter since *1998-99.* They are fully aware of the extensive amount of time needed to present the claims.

The rules of this Court clearly support a finding that fee petitions should be "promptly" decided. The counsel for the FBI was fully aware of this rule. The FBI has simply failed to set

forth cause, and the motion should be denied.

## II. JANE TURNER WILL BE PREJUDICED BY GRANTING THE ENLARGEMENT

The Plaintiff in this matter has a very strong interest in the finality of this case. She has incurred enormous debts in pursuing her claims. She owes her former attorneys tens of thousands of dollars in unpaid invoices and has already paid, out-of-pocket, in the range of $100,000.00 in fees and costs. Ms. Turner has a strong personal interest in having this Court issue its order resolving all of these fee matters. The issues involved in this litigation have caused her significant emotional distress.

Any delay in resolving the fee dispute will unfairly prolong the litigation of a major issue in this matter.

The FBI indicated, in a recent filing with the 8th Circuit, that it has no desire whatsoever to resolve this case. Despite the findings contained in the first 8th Circuit decision, despite the jury verdict and despite the fact that this Court denied the FBI's extensive motions for rehearing and judgment notwithstanding verdict, the FBI continues to pursue overly aggressive and vexatious litigation tactics. This is the choice of the FBI. However, once the FBI made the decision to litigate all issues, they must adhere to the rules governing such litigation. The FBI requested the June 1st deadline and they should be bound thereby. Any other decision would be unfair to Ms. Turner, as it would continue to prolong this torturous litigation and delay the finality that Ms. Turner needs.

## CONCLUSION

As set forth above, the FBI has failed to assert sufficient "cause" to justify an enlargement of the deadline for which the FBI had originally requested. Any further delay in the adjudication

of this fee issue would be inconsistent with the intent behind Local Rule 54.3 and would be prejudicial to Ms. Turner.

Respectfully submitted,

__/s/_ Stephen M. Kohn___
Stephen M. Kohn
DC Bar #411513
(Admitted Pro Hac Vice)

__/s/_ Aaron M. Parness___
Aaron M. Parness
(Admitted Pro Hac Vice)
Kohn, Kohn & Colapinto LLP
3233 P Street N.W.
Washington, DC 20007
Tel: (202) 342-6980
Fax: (202) 342-6984

and

Robert Hill
Hill & Associates
12700 Anderson Lakes Parkway
Eden Prairie, MN 55344-7652
(952) 426-7373
(952) 426-7370 (fax)

Dated: June 1, 2007

Attorneys for Plaintiff