IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

| | | |
|---|---|---|
| JANE TURNER, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 07-2284 |
| | ) | |
| ALBERTO R. GONZALES, Attorney General of the United States, *et al.*, | ) | |
| | ) | |
| Defendants-Appellants. | ) | |
| | ) | |

**Appellants' Motion For Extension Of Time Within Which To File Opening Brief and Appendix**

Pursuant to Federal Rule of Appellate Procedure 27 and Eighth Circuit Rule 27A, Alberto R. Gonzales, *et al.* (the appellants herein), hereby move for an extension of time of 28 days, to and including August 20, 2007, withing which to file their opening brief and appendix in the above-captioned matter. In support of the instant motion, counsel for the appellants state as follows[1]:

1. The government's opening brief and appendix is currently due July 23, 2007. This is the government's first request for an extension of time.

2. Howard Scher is the attorney on the Appellate Staff, Civil Division, Department of Justice, who has been assigned primary responsibility for

[1] Counsel for the appellee has informed the government that the appellee does not consent to the granting of the instant motion.

prosecuting the instant appeal. Mr. Scher will be unable to meet the July 23rd deadline because of the press of appellate work since the briefing schedule in the instant case was established on June 1, 2007. In particular, Mr. Scher has prepared and filed the government's petition for rehearing and rehearing en banc in *Jaskolski v. Gonzales*, No. 06-3508 (7th Cir.; filed June 7, 2007), and a supplemental filing on June 19, 2007; prepared and presented oral argument in *Maximum Comfort v. HHS*, No. 05-15832 (9th Cir.; argued June 13, 2007); and had begun preparing the government's amicus briefs in *K&R Limited Partnership v. Massachusetts Housing Finance Agency*, No. 07-7014 (D.C. Cir.), and *Miller v. Bank of America*, No. S149178 (Cal. S. Ct.).

3. In addition, the instant appeal involves the issue of whether government conduct constituted retaliation for the filing of a complaint of discrimination under Title VII of the Civil Rights Act, 42 U.S.C. 2000e *et seq*. As required by regulation (28 C.F.R. 0.20(b)), the Solicitor General must determine whether an appeal of an adverse decision will be taken, and the Solicitor General makes that determination after consultation with the Appellate Staff and in connection with the views of all agencies that have an interest in the legal issue presented. In the wake of the Supreme Court's recent decision in *Burlington Northern and Sante Fe Railway Co v. White*, ___ U.S. ___, 126 S. Ct. 2405, 2415 (2006), which

established new (and, perhaps, broader) standards for establishing a claim of retaliation in the context of filing a Title VII discrimination claim, the government has been involved in extensive consultations as to whether an appeal of the district court decision in the instant case should be taken. An extension of 28 days would allow that consultation process to be completed and permit the preparation and filing of the government's opening brief, if an appeal is authorized (see 28 C.F.R. 0.20(b)).

4. On July 6, 2007, Howard Scher contacted Stephen M. Kohn (one of the counsel for the appellee), who stated that the appellee would not consent to the granting of this motion.

Respectfully submitted,

MARLEIGH D. DOVER
202-514-3511

**/s/ Howard S. Scher**
HOWARD S. SCHER
202-514-4814
202-514-7964 (fax)
*Attorneys, Appellate Staff*
*Department of Justice*
*Civil Division, Room 7239*
*950 Pennsylvania Avenue, NW*
*Washington, D.C. 20530*