UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
01-CV-1407 (JMR/FLN)

JANE A. T. TURNER,
Plaintiff,

v.

ALBERTO GONZALES, *et al.*,
Defendant.

**SECOND AFFIDAVIT OF STEPHEN M. KOHN**

I, Stephen M. Kohn, hereby declare under penalty of perjury that the following statements are, to the best of my personal knowledge, true and correct:

1. I am filing this affidavit in support of Plaintiff Jane Turner's Reply To Defendant's Response To Plaintiff's Petition For Attorney Fees And Costs in the above-captioned matter.

2. On or about October 5, 2006, I received a Jury Trial Notice. ~~Ex.~~ 1; Docket Entry 78. I addition to the trial calendar, the notice contained the follow statement: "New courtroom technology has been installed in our courtroom as of June 2001. If you need assistance with respect to the technology available in Judge Rosenbaum's Courtroom or the operation of the various equipment, please call Kristine Wegner at 612-664-5125."

3. I instructed my associate, Mr. Aaron Parness, to contact the court and arrange for Ms. Turner's use of the "new courtroom technology" in order to facilate and streamline counsel's presentation to the jury. Mr. Parness

learned that the court would permit counsel to utilize various technological systems in order to make an effective presentation to the jury, even though these systems were not part of the standard technology available in the courtroom. Specifically, counsel was permitted to utilize "PowerPoint" for Ms. Turner's presentation to the jury, including utilization of that program for both opening and closing statements. Moreover, counsel was permitted to bring into the courtroom whatever laptop(s), cabling, or other technology they wished to use at trail.

4. PowerPoint is an effective and efficient program for presenting information – including information to a jury. In fact, Judge Rosenbaum utilized PowerPoint in a presentation he made to the jury at the start of the trial.

5. Based on the number of trial exhibits, the complexity of the issues (a review of five separate adverse performance reviews/inspections, an involuntary transfer, wage loss documentation and the necessity to review nearly 100 pages of performance data), I determined that PowerPoint was a highly useful technological tool for enabling counsel to present evidence and argument in an effective manner.

6. Based on this assessment, I instructed Mr. Parness to coordinate with the court and prepare various PowerPoint presentations.

7. I utilized PowerPoint in my opening statement. The program enabled me to effectively and in a time-efficient manner to cover a wide range of

issues. Based on my observation of the jury, it was clear that members of the jury were paying attention to the materials presented during the PowerPoint presentation utilized in the opening statement.

8. Based on the successful utilization of PowerPoint during the opening statement, I instructed Mr. Parness to prepare a PowerPoint presentation for the closing statement. Once again, based on my direct observation of the jury during the closing statement, it was clear that members of the jury were closely following the PowerPoint presentation.

9. No objections were raised by either the Judge or Defendants about the use of PowerPoint or other applications used to display information throughout the trial.

10. Kohn, Kohn and Colapinto receives an overwhelming number of requests for Title VII representation and consequently it conducts no specific advertising of services in that field.

I hereby declare under the pains and penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge and belief.

7-11-07

Stephen M. Kohn Date