# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
### THIRD DIVISION

Jane A.T. Turner                                                         Civil No. 01-1407  JMR/AJB

                              Plaintiff,

                                     **REPORT AND RECOMMENDATION**

v.                                                                   **ON ATTORNEYS' FEES**

Alberto Gonzales, et al.,

                             Defendants.

This action is before the Court, Magistrate Judge Arthur J. Boylan, 638 U.S. Courthouse, 316 No. Robert St., St. Paul, MN 55101, on requests for attorneys' fees and costs by plaintiff's counsel.  Plaintiff Jane A.T. Turner has applied for awards of attorneys' fees pursuant to 42 U.S.C. § 1988(b) on behalf of multiple law firms that represented her in an action against the United States Federal Bureau of Investigation.  Plaintiff is a former special agent and resident agent with the FBI and she prevailed[1] at trial in an employment action in which claims of sexual discrimination, sexual harassment, and retaliation were alleged.  Ms. Turner retained the Washington, D.C. firm of Klimaski & Associates to represent her in March 2000.  The Klimaski firm represented plaintiff in EEOC administrative proceedings and in initial district court proceedings in the District of Minnesota.  Kathryn Engdahl, Esq., Metcalf, Kaspari, Howard, Engdahl & Lazarus, P.A., is a Minnesota attorney who was retained by Klimaski & Associates to serve as local counsel in the district court action.  Subsequently,

---

[1] Defendant expressly acknowledges that plaintiff Turner qualifies as a "prevailing party" in this matter and that she is eligible for an award of attorney fees.  It is the amount of the reasonable fees that should be awarded that is in dispute.

in October 2001, plaintiff hired the Washington, D.C. firm of Kohn, Kohn & Colapinto, LLP, to

prosecute the action as substitute counsel for the Klimaski firm; and the Minnesota firm of Hill &

Associates became local counsel in April 2002.  The matter is considered without hearing and on the

basis of the written argument and supporting documents submitted by each of the parties to the fees

dispute.  James R. Klimaski, Esq., and Kathryn M. Engdahl, Esq., represent plaintiff with respect to an

Application for Attorneys' Fees and Costs to Klimaski & Associates, P.C. and Metcalf, Kaspari,

Howard, Engdahl & Lazarus, P.A. [Docket No. 178].  Stephen M. Kohn, Esq., represents plaintiff

with respect to a Petition for Attorneys' Fees and Costs by Kohn, Kohn & Colapinto, LLP, which

incorporates claims for fees payable to the Hill firm [Docket No. 173].  Defendants are represented in

this matter by Martha A. Fagg, Esq., Assistant United States Attorney, and Colleen B. Grzeskowiak,

Esq., Special Assistant United States Attorney.

   Based upon the file and documents contained therein, along with memoranda, affidavits,

exhibits, and arguments of counsel, **IT IS HEREBY RECOMMENDED** that:

   1.  The Application for Attorneys' Fees and Costs to Klimaski & Associates, P.C. and

Metcalf, Kaspari, Howard, Engdahl & Lazarus, P.A. be **granted** [Docket No. 178] as provided

herein.   It is recommended that the defendants be required to pay to the law firm of  Klimaski &

Associates the amount of **$119,190.50** as attorneys' fees, and the additional amount of **$3,517.51** as

expenses.  It is further recommended that the defendants be required to pay to the law firm of  Metcalf,

Kaspari, Howard, Engdahl & Lazarus, P.A. the amount of **$16,747.50** as attorneys' fees, and the

additional amount of **$331.54** as expenses; and

   2.  The Petition for Attorneys' Fees and Costs by Kohn, Kohn & Colapinto, LLP,

which therein incorporates claims for fees payable to the Hill firm, as well as claims for costs and fees

directly incurred by the plaintiff, be **granted** [Docket No. 173] as provided herein.  It is recommended

that the defendant be required to pay to the law firm of  Kohn, Kohn & Colapinto, LLP the amount of

**$645,207.97** as attorneys' fees,[2] and the additional amount of **$60,225.60** as expenses.  It is further

recommended that the defendant be required to pay to the law firm of Hill & Associates the amount of

**$107,274.38** as attorneys' fees, and the additional amount of **$978.28** as expenses.  Finally, it is

recommended that the defendant be required to pay to plaintiff Jane Turner the amount of **$62,852.41**

as reimbursement for fees and costs paid directly by her.


Dated:   ___November 20, 2007_____



___s/ Arthur J. Boylan_____
Arthur J. Boylan
United States Magistrate Judge



## MEMORANDUM

Attorneys who have represented plaintiffs Jane Turner in this action against the FBI are

requesting separate awards of attorney fees in the approximate total amount of $1,460,000.00 and

costs in an approximate total amount $65,000.00.  In addition, plaintiff seeks reimbursement of fees

and costs previously paid by her in the amount of $61,852.41.  Defendant FBI acknowledges that

plaintiff qualifies as a "prevailing party," thereby entitled to a recovery of some fees and expenses in this

---

[2]  Includes amount paid or payable to consultant Nikki Carlson.

case, but  argues on several grounds that the fees requests, with the exception of the claim by Kathryn

M. Engdahl, Esq., are excessive.  The government does not explicitly contest Ms. Engdahl's requested

fees in the amount of $16,747.50 as attorneys' fees,[3] and states no opposition to her application for the

additional amount of $331.54 in expenses incurred.  Also, the defendant does not expressly contest any

particular items included in the reimbursement request by plaintiff,[4] and does not directly challenge any

of the applications for reimbursement of costs by the Klimaski, Kohn, or Hill law firms, though costs are

included in defendants' request for discount.

 The government's opposition to the fees petitions now before the court are focused

wholly on the reasonableness of the attorneys' fees claims.  Defendants first contend that the hourly

rates of certain lawyers are excessive and should be reduced, and it is thereafter argued that a

significant portion of billed time was for hours inadequately documented and hours not reasonably spent

on the case due to overstaffing, redundancy, inefficiency, and insufficient relationship to the litigation.

Finally, defendants insist that fees claims should be greatly reduced to reflect plaintiff's limited success in

light of the full scope of her substantive claims in the case.

 A jury returned a verdict finding that plaintiff Jane Turner suffered lost wages and

benefits in the amount of $60,000 on a retaliation claim and that she further suffered additional general

damages in the amount of $505,000, resulting in a finding of total damages in the amount of $565,000.

---

[3]  The government's request for general discounting of fees for unsuccessful claims may relate to the Engdahl fees petition as well, but no direct argument is made for such reduction.  The court finds that no discounting of Ms. Engdahl fees based upon lack of success is warranted, and therefore her fees are not discounted at all.

[4]  Petition for Attorneys' Fees and Costs by Kohn, Kohn & Colapinto, LLP, Exh. 4, Affidavit of Jane Turner; Exh. 5–15, 21–23, and 25.

The jury found for the defendants on a second retaliation theory.  Pursuant to 42 U.S.C. § 1981a(b)(3) the award for damages other than lost wages and benefits was limited to $300,000 and judgment for the plaintiff was entered in the amount of $360,000, along with costs and post-verdict interest.  As attorneys' fees in the matter, plaintiff's initial law firm, Klimaski & Associates, submits a claim in the total amount of $202,959.00, including fee petition preparation; first local counsel Kathryn M. Engdahl, Esq., submits an uncontested claim for $16,747.50; the firm of Kohn, Kohn & Colapinto, LLP, seeks the amount of $1,068,789.00; and Hill & Associates requests the amount of $171,337.50.[5]

Under Title VII, the prevailing party in a civil rights lawsuit is entitled to reasonable attorney fees.  42 U.S.C. § 2000e-5(k).  The purpose of awarding attorney fees is to "ensure effective access to the judicial process" for persons with claims of discrimination.  Hensley v. Eckerhart,  461 U.S. 424, 429 (1983).  "Accordingly, a prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust."  Id. (internal quotation marks omitted).   The awarding of attorney fees, however, is left to the discretion of the district court.  Warren v. Prejean, 301 F.3d 893, 904 (8th Cir. 2002).

The appropriate method for determining reasonable attorney fees is the lodestar method.  Fish v. St. Cloud State Univ., 295 F.3d 849, 851 (8th Cir. 2002).  Under this method, the reasonable amount of hours spent on the case is multiplied by a reasonable hourly rate.  Id.  The resulting rate is presumed to be reasonable.  City of Riverside v. Rivera, 477 U.S. 561, 568 (1986).  This figure, however, may be adjusted at the discretion of the district court after considering factors that

---

[5]  As previously noted, the court finds no direct challenge to claims for reimbursement of costs paid by the law firms or expenses paid directly by the plaintiff.

are relevant to that particular case. <u>Hensley</u>, 461 U.S. at 434.[6] The most critical factor in the fixing of

a reasonable fee is the overall success obtained. <u>Fish v. St. Cloud State Univ.</u>, 295 F.3d at 852 (citing

<u>Hensley</u>, 461 U.S. at 436). "Assessing the reasonableness of a fee requires us to consider the

plaintiff's overall success; the necessity and usefulness of the plaintiff's activity in the particular matter

for which fees are requested; and the efficiency with which the plaintiff's attorneys conducted that

activity." <u>Jenkins v. Missouri</u>, 127 F.3d 709, 718 (8th Cir. 1997).

**<u>Hourly Rates</u>**

To determine a reasonable hourly rate, the court should consider the prevailing market

rate for similar services in the community where the litigation takes place when performed by "lawyers

of reasonably comparable skill, experience, and reputation." <u>McDonald v. Armontrout</u>, 860 F.2d

1456, 1458-1459 (8th Cir.1988). The burden is on the fee applicant to show that the "requested rates

are in line with those prevailing in the community for similar services by lawyers of reasonably

comparable skill, experience, and reputation." <u>Blum v. Stenson</u>, 465 U.S. 886, 895 n.11 (1984).

---

[6]     Factors that the court may consider are:

(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the
skill requisite to perform the legal service properly; (4) the preclusion of employment by
the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is
fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8)
the amount involved and the results obtained; (9) the experience, reputation, and ability
of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the
professional relationship with the client; and (12) awards in similar cases.

<u>Id</u>. at 430 n.3. <u>See also</u> <u>Johnson v. Georgia Highway Express, Inc.</u>, 488 F.2d 714 (5th Cir. 1974).

**Kohn Petition.**  Plaintiff's attorneys have submitted extensive accountings indicating billing rates and time expenditures of various lawyers, paralegals, and law clerks who worked on the case.  The lion's share of the overall request for fees in this matter was submitted by Kohn, Kohn & Colapinto, LLP, the firm that brought the case through trial.  The firm is based in Washington, D.C. Lead trial counsel, Stephen Martin Kohn, has billed at the rate of $500 per hour for 1174.63 hours, for a total of $587,315.  The work of associate attorneys from the Kohn firm, Sara Michaelchuck and Aaron Parness, is billed at the rate of $227 per hour, for 552.73 hours work, for a total of $125,469.71; the work of paralegals Jason Perkey and Marshall Chriswell is billed at $192 per hour for 487.81 hours for a total of $93,659.52; and the work of two law clerks was billed at the rate of $158 per hour for 1660.41 hours for a total of $262,344.78.  In addition, a bill for $23,595 is submitted for the services of a consultant-paralegal, Ms. Nikki Carlson, for 121 hours at $195 per hour.  The Kohn firm's fees petition also incorporates the fees request of Minnesota local counsel Robert A. Hill for 380.75 hours at the rate of $450 per hour and a total of $175,315.78 in this case.  In his affidavit[7] Mr. Hill indicates that he served as second chair at trial and that approximately 100 hours of work by other lawyers in his firm are not being submitted.  Mr. Kohn likewise attests that time spent on work that was duplicative or non-productive, or consisted of short phone calls or personal conversations, was excluded from the Kohn firm billing.

**Klimaski Fees Application.**  Plaintiff retained the Washington, D.C. law firm Klimaski & Associates to represent her in administrative proceedings in this matter.  Initially, the firm

---

[7]  Plaintiff's Petition for Attorneys' Fees and Costs, Exh. 3.

also represented Ms. Turner in the district court action.  Staff time billed by the Klimaski firm includes

256.20 hours spent on the case by senior attorney James Klimaski, plus an additional 4.60 hours for

fee petition preparation; 119.40 hours spent of the case by associate attorney Debra D'Agostino;[8] 5.10

hours spent on the case by attorney Lynn I. Miller, plus an additional 20.60 hours for fee petition

preparation; 5.30 hours spent on the case by attorney Andrea S. Grill; 418.10 hours spent on the case

by law clerk Debra D'Agostino; and 23.85 hours spent on the case by paralegal Jon Pinkus, plus an

additional 14.20 hours for fee petition preparation.  The Klimaski firm application seeks fees in the total

amount of $190,545 for case work and $12,414 for fee petition preparation for a total of $202,959.[9]

In addition, the Klimaski application includes the request by Minnesota counsel Kathryn Engdahl for

fees in the total amount of $16,747.50 calculated at the rate of $225 per hour for work done in 2001,

and $350 per hour for recent fees application work.  Ms. Engdahl's request also includes fees for

paralegal work billed at the 2001 rate of $90 per hour and the current rate of $175 per hour.

      The government contends that hourly rates charged by Washington, D.C. attorneys in

this matter are excessive and plaintiff's counsel are entitled to no more than the prevailing attorney fee

rates charged by appropriately experienced and capable counsel in the locality in which the case was

---

[8]  Ms. D'Agostino worked on the case as a law clerk before graduating from law school and obtaining her attorney license.  She joined the Klimaski firm as an associate attorney upon receiving her license.  The billing in this matter separately sets out her work time in each capacity.

[9]  The Klimaski firm's Memorandum in Support of its attorneys' fees application nowhere states the specific hourly rates requested with respect to each staff member but rather refers the court to the "Laffey Matrix," to establish an appropriate hourly rate for each attorney and paralegal for the year 2007.  The matrix sets rates based upon the professional's years of experience and the billing year.  Defendant does not contest the plaintiff's assertion that 2007 billing rates are properly used, even though most services were provided from 2000 through 2002.  However, the effective rate is also a factor of experience which applies in this instance.

litigated.  In particular, the defendants argue that a reasonable hourly rate for lead trial counsel in this matter is the $350 per hour charged by Minnesota lawyer Kathryn Engdahl.  Defendants submit Engdahl's charges as a reasonable hourly rate for an experienced employment law attorney in this case.[10]  The government further argues that hourly rates for associate attorneys and paralegals should also be reduced accordingly.

Defendant's argument on reasonable hourly rates is generally unpersuasive, particularly with regard to lead counsel fees.  First, the court is not convinced that $500 per hour would not be a reasonable rate that would be charged by an experienced and capable employment law attorney, based in Minnesota and having access to sufficient associate attorneys and paralegals, who was willing to accept and fully litigate claims against the FBI.  Second, the FBI certainly has a nationwide presence, and it seems somewhat specious to assert that plaintiff's selection of counsel (by way of fees limitations) should be limited to a local pool of attorneys, while the government essentially has its pick of highly experienced federal attorneys.[11]  Of course there is no shortage of Minnesota attorneys who would

_____

[10]  The government's position relies upon their acknowledgment that Kathryn Engdahl is an experienced employment law attorney and seems to concede that Stephen Kohn meets that description as well.  Whether the defendants place lawyer James Hill in the same company for fees purposes is not immediately apparent, though likely not, based upon the assertion that employment law is not his area of expertise.

[11]  The parties devote substantial discussion to the significance of the FBI being the de facto defendant in this case, the plaintiff therefore facing the juggernaut of the United States Department of Justice.  Plaintiff's lawyers naturally focus on their uphill battle against the mighty forces of the federal government while the defendants' attorneys downplay the complexity of the case and emphasize defendants' limited attorney staff allocation to the case.  The court attaches little significance to the government's minimization of the case or its asserted dedication of assets to the case.  While not necessarily finding that the government attacked the plaintiff and her case with unfettered vengeance, the court does conclude that a formidable defense was put forth, and a solid and aggressive effort by plaintiff was required to prevail to any extent.

have been capable of successfully litigating this matter, but on a national level there is likely a dearth of attorneys and law firms willing to tackle a case such as this one.  It could well be anticipated that Ms. Turner's case would not be just another employment action, and indeed, such an anticipation was borne out as this matter unfolded.  Nonetheless, the court in its discretion finds that certain hourly rates are appropriately adjusted.  Therefore, the court finds that ordinary and reasonable hourly rates for plaintiff's attorneys and staff shall be as follows:

      a.      Stephen Martin Kohn, Esq. - $500 per hour (as requested)

      b.      Kohn firm associates - $227 per hour (as requested)

      c.      Kohn firm paralegals - $120 per hour (Laffey Matrix)($192 requested)

      d.      Kohn firm law clerks - $120 per hour (Laffey Matrix)($158 requested)

      e.      Consultant-paralegal, Ms. Nikki Carlson - $195 per hour (as requested)

      f.      Robert A. Hill, Esq. - $450 per hour (as requested)

      g.      James Klimaski, Esq. - $375 per hour (Laffey Matrix)

      h.      D'Agostino, Esq., Miller, Esq. and Grill, Esq. - $205 per hour (Laffey Matrix)

      i.      Debra D'Agostino, law clerk - $120 per hour (Laffey Matrix)

      j.      Klimaski & Associates paralegal - $120 per hour (Laffey Matrix)

## Hours Reasonably Expended

In addition to hourly rates, the other fundamental factor to consider in determining lodestar attorneys' fees is the reasonable hours spent on the case.  Hensley v. Eckerhart,  461 U.S. 424, 433.  Plaintiff attorneys have submitted itemized time accountings which describe the pertinent billed activity in varying degrees of specificity and detail.  In this regard the government challenges the

billings by the Kohn firm, the Hill firm, and the Klimaski firm, arguing that the plaintiff's case was a "garden-variety Title VII case" and was overstaffed, and that time spent on redundant, unrelated, and/or generically described tasks should be excluded. Again, the government points to the uncontested Engdahl billing as a worthy guide for the court to follow.  On the other hand, the Kohn firm and the Hill firm in particular, assert that significant time has been written off and billing entries have already been culled.  The Klimaski petition contains no such representation.   For its argument the government specifically contends that it should not be liable for fees for time devoted by the Klimaski firm to claims and strategy that was abandoned by the successor firm.[12]   As to the Kohn firm, the defendants insist that certain depositions were redundant and duplicative;[13] plaintiff's counsel were guilty of overkill in its trial presentation;[14] and charges relating to moot court presentations should be disallowed.[15]  Finally,

---

[12]  Specifically, it is asserted that 35.5 hours of D'Agostino law clerk time during administrative proceedings was insufficiently described; 9.6 hours of James Klimaski time, 6.3 hours of associate attorney time, and 15.2 hours of law clerk time, all spent on whistleblowing issues, should be excluded; and 9.7 hours of James Klimaski's time, 7.3 hours of Klimaski associate time, and 53.9 hours of law clerk time, along with an additional 5.5 hours of James Klimaski's time and 10.3 hours of associate time, should be excluded because the tasks are insufficiently described and relate to claims that were ultimately abandoned.

[13]  Again, as to the Kohn firm, the defendants insist that certain depositions were both "redundant and duplicative."  Defendant's Response to Jane Turner's Application for Attorney's Fees and Costs, p. 23.  Specifically, the deposition of James Burrus, requiring 8.5 hours of Stephen Kohn's time and 18.7 hours of law clerk time, and the deposition of Douglas Domin, requiring 5.33 hours of Kohn time and 12.6 hours of law clerk time, were redundant and duplicative.

[14]  It is asserted that counsel's use of its own equipment for a PowerPoint presentation, with color graphics and fade-in/fade-out highlighting, was technological overkill for which plaintiffs should sacrifice 63.32 hours of paralegal and law clerk time.

[15]  Identified moot court charges include 103 hours spent by consultant Nikki Carlson, 15 hour of Stephen Kohn time, and 4.33 hours of paralegal time.

defendants contend that attorney Robert Hill's billings for reviewing documents and familiarizing himself with the case should be excluded or discounted.[16]

      **Klimaski & Associates.**  Defendants appear to have simply counted the number of persons in the Klimaski firm who worked on this matter and argue that the case was overstaffed because defendant devoted fewer attorneys and staff to the matter.  The courts finds little merit to this contention.  The billing records clearly indicate that James Klimaski and law clerk D'Agostino had primary responsibilities, and the hours charged for associate attorney time was minimal and may have actually served to reduce the total billing which might otherwise have been at a higher rate.  It is certainly not an example of overstaffing when another attorney "pitches in" because a primary attorney seeks assistance or is otherwise occupied.  With respect to defendants' challenge to task identifications, the court finds them to be adequate in light of the multitude of relatively small but necessary efforts involved in a lawsuit, and the court finds it inappropriate to parse a billing to find fractions of an hour to be excluded when such time use may ultimately be addressed as a function of hourly rates and/or discretionary discounting for lack of success.  Finally, the court finds that pre-suit time spent on whistleblowing matters and administrative proceedings was reasonable and was sufficiently related to Title VII, and work product was sufficiently interchangeable, to warrant inclusion in the fees petition.

      **Hill & Associates.**  Defendants object to local attorney James Hill's billing for 20.25 hours of time spent familiarizing himself with the file, his request for payment with respect to 7.5 hours of time spent reviewing procedural motions, and his billing for 8.0 hours reviewing Eighth Circuit

---

[16]  Defendant objects to a total of 37.75 hours of Mr. Hill's time devoted to largely unnecessary document review and to preparation and review of Eighth Circuit argument which he did not make.

arguments performed by Mr. Kohn.  While some case review is not unreasonable, the court concludes

that billing defendants for the full amount of such fees is not appropriate because, in essence, it

replicates work already completed by other lawyers.  Therefore, the court will exclude 10 hours of

initial review time and 4 hours for review of Mr. Kohn's appellate argument.  The court will not dissect

the claim for time spent reviewing procedural motions and orders on several occasions between July

25, 2002, and September 5, 2003.

      **Kohn Firm.**  The defendants take exception to the Kohn law firm's request for fees

allocated to jury consultant Nikki Carlson and others for moot court productions, and to fees relating to

trial presentations.  Defendants also allege overstaffing and unnecessary depositions taken by plaintiff

counsel.  The court concludes that any time exclusions for those activities is unwarranted.  Moot courts

and presentation of cases to test juries has become a relatively common litigation practice having

usefulness in preparing for trial and in determining settlement posture.  These objectives have significant

value to the court and to litigants.  Likewise, the court is not persuaded that fees relating to preparation

for technological presentations in this case are excessive, particularly in light of the federal court's

general encouragement to lawyers in regards to use of technological tools in the courtroom.

Furthermore, parties are not limited to the technologies or equipment already available in the

courtroom, particularly where the use of their own equipment may result in a more efficient and more

effective presentation.  What to one lawyer is overkill is merely covering all bases to another.  As for

the contention that the depositions of James Burrus and Douglas Domin were redundant and

unnecessary, such objections should have been made before the depositions and not in retrospect.

      Therefore, the court finds that hours reasonable expended by plaintiff's attorneys and

13

staff shall be as follows:

a.       Stephen Martin Kohn, Esq. - 1174.63 hours (as requested)

b.       Kohn firm associates - 552.73 hours (as requested)

c.       Kohn firm paralegals - 487.81 hours (as requested)

d.       Kohn firm law clerks - 1660.41 hours (as requested)

e.       Consultant-paralegal, Ms. Nikki Carlson - 121 hours (as requested)

f.       Robert A. Hill, Esq. - 366.75 hours (380.75 requested)

g.       James Klimaski, Esq. - 260.80 hours (as requested)(include fee petition)

h.       D'Agostino, Esq., Miller, Esq. and Grill, Esq. - 150.40 hours (as requested)(includes fee preparation)

i.       Debra D'Agostino, law clerk - 418.10 hours (as requested)

j.       Klimaski & Associates paralegal - 38.05 hours (as requested)(includes fee preparation)

## Success on the Claims

It bears repeating that the ultimate success obtained by the plaintiff is the dominant variable in determining reasonable attorneys' fees to be awarded.  Fish v. St. Cloud State Univ., 295 F.3d at 852 (citing Hensley, 461 U.S. at 436).  Consequently, a fees request may be discounted to reflect a lack of complete success.  In recognition of this critical factor the plaintiff submits the Affidavit of James M. Gilbert, former Associate Justice of the Minnesota Supreme Court,[17] wherein Justice Gilbert attests to the significant complexity of the case and notes the defendants' aggressive litigation

---

[17]  Petition for Attorneys' Fees and Costs by Kohn, Kohn & Colapinto, LLP, Exh. 1, Affidavit of James M. Gilbert.

posture as manifested by dispositive motion practice, an Eighth Circuit appeal, and trial.  The affiant

further asserts that plaintiff's representation in this action was outstanding.[18]  Defendants, on the other

hand, insist that plaintiff's ultimate success in the litigation was quite limited and that her request for fees

and costs should therefore be discounted by a minimum 75-85 percent.  Indeed, the government

contends that its own successes in defending against administrative EEO complaints, in motions for

summary judgment, on Eighth Circuit appeal, and at trial, left plaintiff with minimal success on which to

base her attorneys' fees claims.  Defendants further argue that the Johnson factors[19] favor a drastic

reduction in fees because substantial duplication of effort resulted from the transition of the case from

one firm to another; the case presented "garden variety" Title VII claims and was not exceptionally

novel or complex; the matter was overstaffed by plaintiff's counsel; and fees rates were excessive.[20]  In

essence, the government's position on these and other factors which have been discussed in regards to

a general discount is largely a repetition of its arguments for reductions in time and hourly rates.[21]

       As so often happens, the court concludes that the appropriate determination lies

somewhere between the position advanced by the plaintiff and the one put forth by the defendants.

While the case was indeed difficult to prosecute and was aggressively defended, it is also true that

---

[18]  Id., ¶ 22.

[19]  See above footnote 4.

[20]  With respect to other Johnson factors the government states that it does not appear that the Kohn firm was precluded from other employment; plaintiff was not under pressure as a result of short deadlines; plaintiffs' counsel did not exhibit any rare and exceptional talents in the examination of witnesses; and the undesirability of the case is overstated by plaintiff.

[21]  Johnson factors are usually subsumed within the calculation of hours reasonably expended at a reasonable hourly rate.  Hensley v. Eckerhart,  461 U.S. 424, 434 n.9.

plaintiff did not achieve complete success on her claims overall.  Consequently, a discount in the

attorneys fees request is appropriate, though not to the extent of 75 to 85 percent as suggested by the

government.  An attorney is entitled to a fully compensatory fee where the client has obtained excellent

results, and a fee award is not properly reduced simply because the plaintiff did not prevail on every

contention, or on each of several alternative grounds alleged in the suit.  Hensley v. Eckerhart,  461

U.S. 424, 435.  There is no precise rule or formula to apply in deciding whether a fees request should

be reduced because of limited success, but rather the decision is within the court's discretion, exercised

in light of the considerations that have been addressed herein.  Moreover, what matters in the fees

determination is the result in the case as a whole, rather than the outcome of separate pieces of the

litigation.  Id.  Nonetheless, a plaintiff is not entitled to recover fees with respect to unsuccessful claims

that are distinct and separate in all respects from successful claims.  Id. at 440.

        In this instance the plaintiff's attorneys have submitted substantial and detailed records

of time expended.   Though defendants contend that substantial reductions should be made for attorney

efforts directed at sex discrimination, hostile work environment and retaliation claims on which plaintiff

was denied relief, the court is persuaded that the claims all emanated from her employment and were

sufficiently interrelated so as to preclude the extreme fees slashing that defendants seek.  The court

therefore concludes that reduction is appropriate as a result of plaintiff's lack of success on sex

discrimination and hostile work environment claims which were rejected on summary judgment and on

appeal.  With regard to claims that went to trial, however, plaintiff's success was complete, and the

court finds no justification for discounting based upon the jury's decision to find liability on one

retaliation claim, but not the other.  However, the court has neither the means nor the inclination to

meticulously examine and determine the extent to which a particular administrative action, pleading,

motion, letter, phone call, deposition, discovery preparation and review, or any other litigation activity

contributed to a successful claim as opposed to an unsuccessful effort.  In light of the court's above

conclusion that overall success was limited because of the failure of discrimination and hostile work

environment claims as determined by both the district court and the court of appeals, the court finds that

a 35 percent reduction in the attorney fees requests now under consideration, with the exception of the

request by Kathryn Engdahl, Esq.,  is appropriate.  With respect to overall costs and the separate

reimbursement request by the plaintiff, the court determines that no discount should be applied.

Defendants do not directly challenge the expenditures, but rather, include costs within the request for

general discount.  The court rejects that approach.  The costs claims are adequately documented and

are not excessive, and are simply not properly disqualified on the same grounds of lack of appellate

success where the appeal allowed the matter to proceed to trial.  The Klimaski law firm should be

awarded attorney's fees, exclusive of costs, in the total amount of **$119,190.50**;  Kathryn M. Engdahl,

Esq., should be awarded attorney's fees, exclusive of costs, in the total amount of **$16,747.50**; the

Kohn firm should be awarded attorney's fees, exclusive of costs, in the total amount of **$645,207.97**,

and the Hill firm should be awarded attorney's fees, exclusive of costs, in the total amount of

**$107,274.38**.


Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and
Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections
which specifically identify the portions of the Report to which objections are made and the bases for
each objection. Written objections shall be filed with the Clerk of Court and served upon opposing
parties before December 6, 2007.  This Report and Recommendation does not constitute an order or
judgment from the District Court and it is therefore not directly appealable to the Circuit Court of

Appeals.

## ATTACHMENT–FEES CALCULATIONS

### Kohn Firm

| | | |
|---|---|---|
| Stephen Martin Kohn, Esq.: | 1174.63 hours @ $500 per hour | $587,315.00 |
| Kohn firm associates: | 552.73 hours @ $227 per hour | 125,469.71 |
| Kohn firm paralegals: | 487.81 hours @ $120 per hour | 58,537.20 |
| Kohn firm law clerks: | 1660.41 hours @ $120 per hour | 199,249.20 |
| Ms. Nikki Carlson: | 121 hours @ $195 per hour | 23,595.00 |
| | Total | 994,166.11 |
| | Less 35% | **$645,207.97** |
| | Costs | **$60,225.60** |

### Hill Firm

| | | |
|---|---|---|
| Robert A. Hill, Esq.: | 366.75 hours @ $450 per hour | 165,037.50 |
| | Total | 165,037.50 |
| | Less 35% | **$107,274.38** |
| | Costs | **$978.28** |

### Jane Turner

| | | |
|---|---|---|
| | Costs | **$62,852.41** |

19

**Klimaski Firm**

    James Klimaski, Esq.:  260.80 hours @ $375 per hour            97,800.00

                         Case work:     256.20 hours

                         Fee petition:    4.60 hours

    Klimaski firm associates:       150.40 hours @ $205 per hour        30,832.00

                         Case work:     129.80 hours

                         Fee petition:    39.40

    Debra D'Agostino, law clerk: 418.10 hours @ $120 per hour        50,172.00

    Klimaski firm paralegal:       38.05 hours @ $120 per hour         4,566.00
                         Case work:     23.85 hours
                         Fee petition:    14.20 hours

                                       Total         183,370.00

                                       Less 35%     **$119,190.50**

                                       Costs         **$3,517.51**

**Metcalf, Kaspari, Howard, Engdahl & Lazarus, P.A.**

    Kathryn M. Engdahl:                              16,747.50

                                       Total         16,747.50

                                       No discount    **$16,747.50**

Costs                    **$331.54**