**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**01-CV-1407 (JMR/AJB)**

| | |
|---|---|
| **JANE A. T. TURNER,**<br><br>**Plaintiff,**<br>**v.**<br><br>**MICHAEL MUKASEY,**<br>**ATTORNEY GENERAL, U.S.**<br>**DEPARTMENT OF JUSTICE,**<br><br>**Defendant.** | **DEFENDANT'S RESPONSE TO MAGISTRATE JUDGE BOYLAN'S REPORT & RECOMMENDATION ON ATTORNEYS' FEES & COSTS** |

Defendant Michael Mukasey, by and through his undersigned counsel, submits this Response to the Report and Recommendation on Attorneys' Fees (Report), submitted to the Court by Magistrate Judge Boylan.

First, defendant requests that the Court reconsider and reject the fee award recommendation provided by Magistrate Judge Boylan as excessive both in terms of the hourly rate awarded and the overall fees granted, in view of the plaintiff's limited success with her multiple claims. Defendant, in developing his June 15, 2007 Response to Plaintiff's Fee Application (Response), made an honest and careful examination of plaintiff's petition in light of Eighth Circuit precedent and the events of this litigation. Defendant respectfully asks that this Court revisit the arguments presented by the government and, for the reasons set forth in Defendant's Response, reject the recommended fee award determined by Magistrate Judge Boylan.

Second, a number of the observations made by Magistrate Judge Boylan to

support his recommended fee award require correction:

1. The $350 hourly fee rate requested by Kathryn Engdahl, an experienced Title VII attorney practicing in Minneapolis, should be used as the ceiling for all counsel here. Defendant does not concede that either Stephen Kohn or Robert Hill are similarly experienced. Report at 9, fn. 10. Defendant specifically argued that Mr. Kohn's and Mr. Hill's expertise was not in Title VII law and had no experience comparable to Ms. Engdahl. See Response at 15-17. As this Court is aware as the presiding judge during trial, both Mr. Kohn and Mr. Hill required repeated direction from the bench regarding the irrelevance of the evidence to plaintiff's claims and elementary trial practice. See Response at 37-38.

2. The "nationwide presence" of the Federal Bureau of Investigation (FBI) and "the juggernaut of the United States Department of Justice" has no bearing on the determination of an appropriate hourly rate. Report at 9-10. In analyzing the professed need for out-of-town counsel, Eighth Circuit precedent requires that plaintiff show she has been unable to retain local counsel through diligent, good faith efforts. Avalon Cinema Corp. V. Thompson, 689 F.2d 137, 140 (8th Cir. 1982). Plaintiff has not met that burden. The presence of Ms. Engdahl in the case and her substantive experience in Title VII work shows precisely that local counsel was available and willing to work plaintiff's case. Moreover, the fact that the Department of Justice represented defendant does not serve to justify a fee award based on Washington, D.C. attorney rates. As the Court is

well aware, local United States Attorney's offices are relied upon to defend litigation against the government in the districts where the litigation arises – thereby using counsel familiar with local court practice and litigation resources. The case was not handled by "Main Justice" Civil Division counsel. The assignment here of two Assistant U.S. Attorneys from the Northern District of Iowa was necessary due to a conflict-of-interest recusal by the Minnesota U.S. Attorney's Office: federal prosecutors there were potential witnesses against plaintiff Turner.

3. Contrary to observations made in the Report (at 9, fn. 11), defendant does not "emphasize [his] limited attorney staff allocation to the case." Defendant's discussion of the government staffing (Response at 8-13) is a true and accurate depiction of the staffing/resources devoted to this case by the government. This depiction provides a basis for comparison against which the Court appropriately can weigh overstaffing, duplicative hours, and excessive resources expended by plaintiff. It is axiomatic in fee award cases, that experienced counsel trying a case possess the knowledge, skills and abilities to litigate a case efficiently. Consequently, a higher hourly rate for experienced counsel can be justified due to the fact that legal services can be provided more effectively and in less time than a newer attorney. Here, Magistrate Judge Boylan calls "specious" defendant's request for a fee limitation "while . . .essentially [having] its pick of highly experienced federal attorneys" and then, "attaches little significance" to the government's limited case staffing. Report at 9, fn 11. This approach by the Magistrate Judge essentially penalizes

the government for having used experienced but few personnel and rewards plaintiff for bloated staffing of the case. Plaintiff cannot have it both ways: if her counsel is deemed to be experienced Title VII trial attorneys (as reflected in the high hourly rate), then a phalanx of associates, legal interns, paralegals and jury consultant billing hours on the litigation should not be necessary.

3. Defendant does not "downplay the complexity of the case," as the Report observes (at 9). The proceedings in this case speak for the fact that this litigation involved straightforward Title VII claims which broke no new legal ground. There were no discovery disputes for the Court to referee, no preliminary injunctions or restraining orders fought for, and no essential change in the governing case law. This case became a "cause celebre" for plaintiff Turner only because of her collateral whistle blower litigation against the FBI and her repeated self-initiated press appearances.[1] Response at 33-35. Furthermore, Magistrate Judge Boylan's reliance on the affidavit from James M. Gilbert, submitted on behalf of plaintiff's counsel, is misplaced as any indicator of the complexity and difficulty of this case. Mr. Gilbert nowhere attests to past experience litigating against the FBI, nor does the fact that the government filed a dispositive summary judgment motion (which was granted and largely affirmed by the Eighth Circuit) necessarily translate into "complex litigation." As this Court is aware, a well-

[1] It is worth noting that there has been no report from the Department of Justice, Office of the Inspector General to substantiate plaintiff's claim of whistle blower retaliation by the FBI.

grounded summary judgment motion is common in Title VII cases and in litigation against the government. Plaintiff filed the appeal and, certainly, the government was not going to concede that Judge Montgomery's ruling on summary judgment was wrong.

For these reasons and all others previously set forth in Defendant's Response, the government respectfully requests that a fee award be entered which reflects a $350 hourly rate by local, experienced Title VII counsel, does not reward substitution of and excessive staffing by plaintiff's counsel, and more accurately reflects the limited success plaintiff achieved.

Dated: December 6, 2007

Respectfully submitted,

MATT M. DUMMERMUTH
United States Attorney

By: /s/ Lawrence D. Kudej
LAWRENCE D. KUDEJ
Assistant United States Attorney
Iowa bar # AT0004473 (admitted pro hac vice)
401 First Street S.E., Suite 400
Cedar Rapids, IA 52401-1825
(319) 363-6333
(319) 363-1990 - fax
Larry.Kudej@usdoj.gov

/s/ Lawrence D. Kudej for

COLLEEN B. GRZEŚKOWIAK
Special Assistant United States Attorney
935 Pennsylvania Avenue, N.W.
Room PA-400 North
Washington, DC 20535
(202)220-9311
(202) 22-9355 - fax
Colleen.Grezeskowiak@IC.fbi.gov

Attorneys for Defendants